# EXHIBIT A

**THE SUPERIOR COURT OF CALIFORNIA**
COUNTY OF SAN FRANCISCO

Case Number: CGC21594399
Title: MICHAEL ALLEN JENSEN VS. CRST EXPEDITED, INC. ET AL
Cause of Action: OTHER NON EXEMPT COMPLAINTS
Generated: 2021-10-04 11:16 am

Register of Actions    Parties    Attorneys    Calendar    Payments    Documents

**Please Note: The "View" document links on this web page are valid until 11:26:53 am**
After that, please refresh your web browser. (by pressing Command +R for Mac, pressing F5 for Windows or clicking the refresh button on your web browser)

# Register of Actions

Show 10 entries                                                                 Search: _____

| Date | Proceedings | Document | Fee |
|------|-------------|----------|-----|
| 2021-09-27 | NOTICE OF ERRATA (TRANSACTION ID # 66968439) FILED BY PLAINTIFF JENSEN, MICHAEL ALLEN | View | |
| 2021-09-08 | SUMMONS ON COMPLAINT (TRANSACTION ID # 66914282), PROOF OF SERVICE ONLY, FILED BY PLAINTIFF JENSEN, MICHAEL ALLEN SERVED SEP-03-2021, PERSONAL SERVICE AS TO DEFENDANT CRST EXPEDITED, INC. AN IOWA CORPORATION | View | |
| 2021-09-01 | SUMMONS ISSUED (TRANSACTION ID # 66839711) TO PLAINTIFF JENSEN, MICHAEL ALLEN | View | |
| 2021-08-11 | NOTICE TO PLAINTIFF | View | |
| 2021-08-11 | CIVIL CASE COVER SHEET (TRANSACTION ID # 66839711) FILED BY PLAINTIFF JENSEN, MICHAEL ALLEN | View | |
| 2021-08-11 | OTHER NON EXEMPT COMPLAINTS, COMPLAINT (TRANSACTION ID # 66839711) FILED BY PLAINTIFF JENSEN, MICHAEL ALLEN AS TO DEFENDANT CRST EXPEDITED, INC. AN IOWA CORPORATION DOES 1 TO 50 NO SUMMONS ISSUED, JUDICIAL COUNCIL CIVIL CASE COVER SHEET NOT FILED CASE MANAGEMENT CONFERENCE SCHEDULED FOR JAN-12-2022 PROOF OF SERVICE DUE ON OCT-12-2021 CASE MANAGEMENT STATEMENT DUE ON DEC-20-2021 | View | $435.00 |

Showing 1-1 to 6 of 6 entries                                    Previous   1   Next

1 | Shaun Setareh (SBN 204514)
   shaun@setarehlaw.com
2 | Thomas Segal (SBN 222791)
   thomas@setarehlaw.com
3 | Farrah Grant (SBN 293898)
   farrah@setarehlaw.com
4 | SETAREH LAW GROUP
   9665 Wilshire Boulevard, Suite 430
5 | Beverly Hills, California 90212
   Telephone (310) 888-7771
6 | Facsimile (310) 888-0109

7 | Attorneys for Plaintiff Michael Allen Jensen

**ELECTRONICALLY**
**F I L E D**
*Superior Court of California,*
*County of San Francisco*

**08/11/2021**
**Clerk of the Court**
**BY: RONNIE OTERO**
**Deputy Clerk**

8

9 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

10 | FOR THE COUNTY OF SAN FRANCISCO

11 | UNLIMITED JURISDICTION

12

**CGC-21-594399**

13 | MICHAEL ALLEN JENSEN, on behalf of himself and all others similarly situated,

14 |     *Plaintiff,*

15 |

16 | vs.

17 | CRST EXPEDITED, INC., an Iowa corporation; and DOES 1 through 50, inclusive,

18 |

19 |     *Defendants.*

Case No.

**CLASS ACTION**

**CLASS ACTION COMPLAINT**

1. Failure to Provide Meal Periods (Lab. Code §§ 204, 223, 226.7, 512 and 1198);
2. Failure to Provide Rest Periods (Lab. Code §§ 204, 223, 226.7 and 1198);
3. Failure to Pay Hourly Wages (Lab. Code §§ 223, 1194, 1194.2, 1197, 1997.1 and 1198);
4. Failure to Pay Vacation Wages (Lab. Code § 227.3);
5. Failure to Indemnify (Lab. Code § 2802);
6. Failure to Provide Accurate Written Wage Statements (Lab. Code §§ 226(a));
7. Failure to Timely Pay All Final Wages (Lab. Code §§ 201, 202 and 203);
8. Failure to Pay Wages Without Discount (Lab. Code § 212);
9. Unfair Competition (Bus. & Prof. Code §§ 17200 *et seq.*);

**JURY TRIAL DEMANDED**

COMES NOW, Plaintiff MICHAEL ALLEN JENSEN ("Plaintiff"), on behalf of himself and all others similarly situated, and complains and alleges as follows:

## INTRODUCTION

1.  Plaintiff brings this class and representative action against Defendant CRST EXPEDITED, INC., an Iowa corporation, and DOES 1 through 50, inclusive (collectively referred to as "Defendants") for alleged violations of the Labor Code and Business and Professions Code. As set forth below, Plaintiff alleges that Defendants have

      (1)    failed to provide him and all other similarly situated individuals with meal periods;

      (2)    failed to provide them with rest periods;

      (3)    failed to pay them premium wages for missed meal and/or rest periods;

      (4)    failed to pay them premium wages for missed meal and/or rest periods at the regular rate of pay;

      (5)    failed to pay them at least minimum wage for all hours worked;

      (6)    failed to reimburse them for all necessary business expenses;

      (7)    failed to pay wages without discount;

      (8)    failed to pay them for all vested vacation pay;

      (9)    failed to provide them with accurate written wage statements; and

      (10)   failed to pay them all of their final wages following separation of employment.

Based on these alleged Labor Code violations, Plaintiff now brings this class and representative action to recover unpaid wages, restitution, and related relief on behalf of himself and all others similarly situated.

## JURISDICTON AND VENUE

2.  This Court has subject matter jurisdiction to hear this case because the monetary damages and restitution sought by Plaintiff from Defendants conduct exceeds the minimal jurisdiction of the Superior Court of the State of California.

3.  Venue is proper in San Francisco pursuant to Code of Civil Procedure §§ 395(a) and

1  395.5 in that liability arose there, because at least some of the transactions that are the subject matter

2  of this Complaint occurred therein.

3     4.     Plaintiff is informed and believes, and thereupon alleges that the individual claims of

4  the class defined below are under the $75,000 threshold for federal diversity jurisdiction. Further,

5  there is no federal question at issue as the issues herein are based solely on California law.

6  <div align="center">**PARTIES**</div>

7     5.     Plaintiff MICHAEL ALLEN JENSEN is, and at all relevant times mentioned herein,

8  an individual residing in the State of California.

9     6.     Plaintiff is informed and believes, and thereupon alleges that Defendant CRST

10  EXPEDITED, INC. is, and at all relevant times mentioned herein, an Iowa corporation doing

11  business in the State of California.

12     7.     Plaintiff is ignorant of the true names and capacities of the defendants sued herein as

13  DOES 1 through 50, inclusive, but is informed and believes, and thereupon alleges, that each of the

14  fictitiously named defendants are legally responsible for the wrongful conduct alleged herein and

15  therefore sues those defendants by such fictitious names. Plaintiff will amend this complaint to

16  allege both the true names and capacities of the DOE defendants when ascertained.

17     8.     Plaintiff is informed and believes, and thereupon alleges that, at all relevant times

18  mentioned herein, all of the defendants were the representatives, agents, employees, partners,

19  directors, associates, joint venturers, principals or co-participants of some or all of the other

20  defendants, and in doing the things alleged herein, were acting within the course and scope of such

21  relationship and with the full knowledge, consent, and ratification by such other defendants.

22     9.     Plaintiff is informed and believes, and thereupon alleges, that, at all relevant times

23  mentioned herein, some of the defendants pursued a common course of conduct, acted in concert

24  and conspired with one another, and aided and abetted one another to accomplish the occurrences,

25  acts, and omissions alleged herein.

26  <div align="center">**CLASS ALLEGATIONS**</div>

27     10.     This action has been brought and may be maintained as a class action pursuant to

28  Code of Civil Procedure section 382, because there is a well-defined community of interest among

<div align="center">2</div>

14. **Commonality and Predominance:** Common questions of law and fact exist as to all class members and predominate over any questions which affect only individual class members. These common questions include, but are not limited to:

    A.    Whether Defendants maintained a policy or practice of failing to provide employees with their meal periods;

    B.    Whether Defendants maintained a policy or practice of failing to provide employees with their rest periods;

    C.    Whether Defendants failed to pay premium wages to class members when they have not been provided with required meal and/or rest periods;

    D.    Whether Defendants failed to pay minimum wages to class members as a result of policies that fail to provide meal periods in accordance with California law;

    E.    Whether Defendants failed to pay minimum wages to class members for all time worked;

    F.    Whether Defendants failed to reimburse class members for all necessary business expenses incurred during the discharge of their duties;

    G.    Whether Defendants failed to provide class members with accurate written wage statements as a result of providing them with written wage statements with inaccurate entries for, among other things, amounts of gross and net wages, and total hours worked;

    H.    Whether Defendants used pay cards to pay class members;

    I.    Whether class members incurred fees in cashing pay cards;

    J.    Whether class members have been able to redeem pay cards for their full cash value;

    K.    Whether Defendants applied policies or practices that result in late and/or incomplete final wage payments;

    L.    Whether Defendants are liable to class members for waiting time penalties under Labor Code section 203;

M.  Whether class members are entitled to restitution of money or property that Defendants may have acquired from them through unfair competition;

N.  Whether Defendants failed to provide proportionate accruals for vested vacation time for class members as required by California law;

O.  Whether Defendants subjected the vacation time and/or floating holidays they offer to class members to forfeiture;

15. **Typicality:** Plaintiff's claims are typical of the other class members' claims. Plaintiff is informed and believes and thereupon alleges that Defendants have a policy or practice of failing to comply with the Labor Code and Business and Professions Code as alleged in this Complaint.

16. **Adequacy of Class Representative:** Plaintiff is an adequate class representative in that he has no interests that are adverse to, or otherwise conflict with, the interests of absent class members and is dedicated to vigorously prosecuting this action on their behalf. Plaintiff will fairly and adequately represent and protect the interests of the other class members.

17. **Adequacy of Class Counsel:** Plaintiff's counsel are adequate class counsel in that they have no known conflicts of interest with Plaintiff or absent class members, are experienced in wage and hour class action litigation, and are dedicated to vigorously prosecuting this action on behalf of Plaintiff and absent class members.

18. **Superiority:** A class action is vastly superior to other available means for fair and efficient adjudication of the class members' claims and would be beneficial to the parties and the Court. Class action treatment will allow a number of similarly situated persons to simultaneously and efficiently prosecute their common claims in a single forum without the unnecessary duplication of effort and expense that numerous individual actions would entail. In addition, the monetary amounts due to many individual class members are likely to be relatively small and would thus make I difficult, if not impossible, for individual class members to both seek and obtain relief. Moreover, a class action will serve an important public interest by permitting class members to effectively pursue the recovery of monies owed to them. Further, a class action will prevent the potential for inconsistent or contradictory judgments inherent in individual litigation.

**GENERAL ALLEGATIONS**

19.     Plaintiff worked for Defendants as a non-exempt employee from approximately May 24, 2019 through November 20, 2019.

20.     Plaintiff was employed as an Over-The-Road Driver which duties included, but were not limited to, transporting and delivering product, conducting inspections, and fueling.

**Off-the-Clock Work**

21.     Plaintiff and the putative class were not paid all wages earned as Defendants directed, permitted, or otherwise encouraged Plaintiff and the putative class to perform off-the-clock work.

22.     Plaintiff and the putative class regularly started work before their scheduled shift and were not paid for this time. Plaintiff and the putative class were instructed by their trainers and managers to report to work to perform pre-trip vehicle safety inspections, including but not limited to inspection of tires and engine fluids, and to be present during loading and un-loading procedures. Plaintiff and the putative class were instructed by their trainers and managers not to clock-in for this work and to only clock-in while driving.

23.     Plaintiff and the putative class were required inspect their vehicles, including but not limited to checking tire pressure and engine fluids, at the beginning of each trip and before clocking in.

24.     Plaintiff and the putative class were required to be present for and remain with the vehicle during loading and unloading procedures both before clocking in for a shift and after clocking out.

25.     Plaintiff and the putative class were required to clock out during their shifts to perform work duties such as refueling.

26.     Plaintiff and the putative class regularly continue to work during their scheduled shift while off-the-clock and were not paid for this time. Plaintiff and the putative class were instructed by their trainers and managers to perform various tasks during their scheduled shifts, including but not limited to refueling their vehicles and communicating with supervisors and other employees. Plaintiff and the putative class were instructed by their trainers and managers not to

1 | clock-in for this work and to only clock-in while driving.

2 |       27.    Plaintiff and the putative class regularly continued to work after their scheduled shift
3 | and were not paid for this time. Plaintiff and the putative class were instructed by their trainers and
4 | managers to remain with the vehicle during loading and un-loading procedures. Plaintiff and the
5 | putative class were instructed by their trainers and managers clock-out before performing this work
6 | and to only clock-in while driving.

7 |       28.    As a result of performing off-the-clock work that was directed, permitted or
8 | otherwise encouraged by Defendants, Plaintiff and the putative class should have been paid for this
9 | time. Instead, Defendants only paid Plaintiff and the putative class based on the time they were
10 | clocked in for their shifts and did not pay Plaintiff and the putative class for any of the time spent
11 | working off-the-clock.

12 |       29.    Defendants knew or should have known that Plaintiff and the putative class were
13 | performing work before and after their scheduled work shifts and failed to pay Plaintiff and the
14 | putative class for these hours.

15 |       30.    Defendants knew or should have known that Plaintiff and the putative class were
16 | performing work off-the-clock during their scheduled shifts and failed to pay Plaintiff and the
17 | putative class for these hours.

18 |       31.    Defendants were aware of this practice and directed, permitted or otherwise
19 | encouraged Plaintiff and the putative class to perform off-the-clock work.

20 |       32.    As a result of Defendants' policies and practices, Plaintiff and the putative class were
21 | not paid for all hours worked.

22 | **Missed Meal Periods**

23 |       33.    Plaintiff and the putative class members were not provided with meal periods of at
24 | least thirty (30) minutes for each five (5) hour work period due to (1) Defendants' policy of not
25 | scheduling each meal period as part of each work shift; (2) no formal written meal and rest period
26 | policy that encouraged employees to take their meal and rest periods; and (3) regular practice of
27 | requiring Plaintiff and the putative class to perform off-the-clock work during their meal periods,
28 | including but not limited to vehicle safety inspections, refueling, driving and remaining at the

1   vehicle and being present for loading and unloading.

2       34.     As a result of Defendants' policy, Plaintiff and the putative class were regularly not

3   provided with uninterrupted meal periods of at least thirty (30) minutes for each five (5) hours

4   worked due to complying with Defendants' productivity requirements that required Plaintiff and

5   the putative class to work through their meal periods in order to complete their assignments on

6   time.

7                                    **Missed Rest Periods**

8       35.     Plaintiff and the putative class members were not provided with rest periods of at

9   least ten (10) minutes for each four (4) hour work period, or major fraction thereof, due to (1)

10  Defendants' policy of not scheduling each rest period as part of each work shift; (2) no formal

11  written meal and rest period policy that encouraged employees to take their meal and rest periods;

12  and (3) regular practice of requiring Plaintiff and the putative class to perform work during their

13  rest periods, including but not limited to vehicle safety inspections, refueling, driving and

14  remaining at the vehicle and being present for loading and unloading.

15      36.     As a result of Defendants' policy, Plaintiff and the putative class were regularly not

16  provided with uninterrupted rest periods of at least ten (10) minutes for each four (4) hours worked

17  due to complying with Defendants' productivity requirements that required Plaintiff and the

18  putative class to work through their rest periods in order to complete their assignments on time.

19                            **Uncompensated for All Hours Worked**

20      37.     Plaintiff and the putative class members were hired as drivers and were paid based

21  on a per-mile basis.

22      38.     Defendants use a timekeeping policy and practice which resulted in time during

23  which non-exempt drivers were subject to the control of Defendants but were not paid for all hours

24  actually worked.

25      39.     Plaintiff and the putative class were compensated based on a per-mile compensation

26  plan.  However, Defendants required and expected Plaintiff and the putative class to spend

27  substantial amounts of time under the control of Defendants and performing non-compensable tasks

28  (i.e. tasks for which Plaintiff and the putative class were paid nothing under Defendants' pay plan).

40.     In California, an employer is required to pay an employee for "all hours worked" which includes all time that an employee is under the control of the employer and including all time that the employee is suffered or permitted to work. This includes the time an employee spends, either directly or indirectly, performing services which inure to the benefit of the employer and any time during which an employer's policies and procedures do not allow employees to use that time effectively for their own purposes. *Morillion v. Royal Packing Co.* (2002) 22 Cal.4th 575, 586-588; *Bono Enterprises, Inc. v. Bradshaw* (1995) 32 Cal.App.4th 968. In turn, this includes, but is not limited to, time spent by employees during which they cannot effectively use for their own purposes because the employees are compelled by the necessities of the employer's business.

41.     The minimum wage statute applicable to Defendants' business currently provides: "Every employer shall pay to each employee wages not less than those stated above, on each effective date, per hour for *all hours worked*." (Italics added.) This language expresses the intent to ensure that employees be compensated at the minimum wage for each hour worked.

42.     Labor Code sections 1194 and 1197 require that an employer compensate employees for "hours worked" at least at a minimum wage rate of pay as established by the wage orders.

43.     Despite the California law requiring employers to pay employees for all hours worked at least at a minimum wage rate, Defendants suffered and permitted Plaintiff and the putative class to perform non-compensable related work for which they received no compensation at all.

44.     Plaintiff and the putative class were required to perform pre-trip vehicle safety inspections, including but not limited to inspection of tires and engine fluids, to be present during loading and un-loading procedures. refueling their vehicles, and communicating with supervisors and other employees, all while off-the-clock.

45.     Plaintiff and the putative class were paid based on miles driven without regard to the amount of hours actually worked. This payment scheme could result in a daily wage that is less than the legal minimum wage and failed to compensate Plaintiff and the putative class for wages to which they were entitled.

46.     Defendants failed to pay Plaintiff and the putative class at least the minimum wage

1 | for all hours worked.

2 | <div align="center">**Vacation Pay**</div>

3 | 47.    Plaintiff and the putative class accrued vacation wages during their employment with

4 | Defendants.

5 | 48.    Under California law, vacation wages are considered a form of wages under Labor

6 | Code section 200.  Vested vacation pay and other similar forms of paid time off earned based on

7 | labor performed are considered wages that cannot be subject to forfeiture without compensation for

8 | forfeited days at the applicable rates required by law.

9 | 49.    At all relevant times, Defendants maintained policies that provide for the unlawful

10 | forfeiture of vested vacation pay in violation of Labor Code section 227.3 and *Suastez v. Plastic*

11 | *Dress-Up Co.*, (1982) 31 Cal. 3d 774.

12 | 50.    Plaintiff and the putative class are entitled to vacation accrued during their

13 | employment with Defendants.  Upon termination, Plaintiff and the putative class were not paid out

14 | all accrued vacation pay.

15 | <div align="center">**Expense Reimbursement**</div>

16 | 51.    Plaintiff and the putative class members were required to utilize their own personal

17 | cell phones to perform their job duties including but not limited to contacting and communicating

18 | with management regularly, and using navigation applications to properly perform driving tasks..

19 | 52.    Plaintiff and the putative class members were not reimbursed for business expenses

20 | incurred in purchasing and maintaining their cell phones and cellular phone services.

21 | 53.    In addition, Plaintiff and the putative class members were not paid at least two times

22 | the minimum wage for all hours worked.

23 | 54.    Defendants failed to reimburse Plaintiff and the putative class for such necessary

24 | business expenses incurred by them.

25 | ///

26 | <div align="center">**Wage Statements**</div>

27 | 55.    Plaintiff and the putative class were not provided with accurate wage statements as

28 | mandated by law pursuant to Labor Code section 226.

<div align="center">10</div>
<div align="center">CLASS ACTION COMPLAINT</div>

56.   Defendants failed to comply with Labor Code section 226(a)(1) as "gross wages earned" were not accurately reflected in that: all hours worked were not included.

57.   Defendants failed to comply with Labor Code section 226(a)(2) as "total hours worked by the employee" were not accurately reflected in that: all hours worked were not included.

58.   Defendants failed to comply with Labor Code section 226(a)(5) as "net wages earned" were not accurately reflected in that: all hours worked were not included.

59.   Defendants failed to comply with Labor Code section 226(a)(9) as "all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee" were not accurately reflected in that: all hours worked were not included.

## FIRST CAUSE OF ACTION

### FAILURE TO PROVIDE MEAL PERIODS

### (Lab. Code §§ 004, 223, 226.7, 512 and 1198)

### (Plaintiff and Meal Period Sub-Class against Defendants)

60.   Plaintiff incorporates by reference the preceding paragraphs of the Complaint as if fully alleged herein.

61.   At all relevant times, Plaintiff and the **Meal Period Sub-Class** members have been non-exempt employees of Defendant entitled to the full meal period protections of both the Labor Code and the applicable Industrial Welfare Commission Wage Order.

62.   Labor Code section 512 and Section 11 of the applicable Industrial Welfare Commission Wage Order impose an affirmative obligation on employers to provide non-exempt employees with uninterrupted, duty-free meal periods of at least thirty minutes for each work period of five hours, and to provide them with two uninterrupted, duty-free meal periods of at least thirty minutes for each work period of ten hours.

63.   Labor Code section 226.7 and Section 11 of the applicable Industrial Welfare Commission Wage Order ("Wage Order") both prohibit employers from requiring employees to work during required meal periods and require employers to pay non-exempt employees an hour of premium wages on each workday that the employee is not provided with the required meal period.

64.     Compensation for missed meal periods constitutes wages within the meaning of Labor Code section 200.

65.     Labor Code section 1198 makes it unlawful to employ a person under conditions that violate the applicable Wage Order.

66.     Section 11 of the applicable Wage Order states:

> "No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee. Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an 'on duty' meal period and counted as time worked. An 'on duty' meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time."

67.     At all relevant times, Plaintiff was not subject to a valid on-duty meal period agreement. Plaintiff is informed and believes that, at all relevant times, **Meal Period Sub-Class** members were not subject to valid on-duty meal period agreements with Defendants.

68.     Plaintiff alleges that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of not providing Plaintiff and members of the **Meal Period Sub-Class** with uninterrupted, duty-free meal periods for at least thirty (30) minutes for each five (5) hour work period, as required by Labor Code section 512 ad the applicable Wage Order.

69.     Plaintiff alleges that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of failing to pay premium wages to **Meal Period Sub-Class** members when they worked five (5) hours without clocking out for any meal period.

70.     Plaintiff alleges that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of not providing Plaintiff and members of the **Meal Period Sub-Class** with a second meal period when they worked shifts of ten or more hours and failed to pay them premium wages as required by Labor Code 512 and the applicable Wage Order.

71.     Moreover, Defendants written policies do not provide that employees must take their first meal period before the end of the fifth hour of work, that they are entitled to a second meal

1   period if they work a shift of over ten hours, or that the second meal period must commence before
2   the end of the tenth hour of work, unless waived.

3       72.   At all relevant times, Defendants failed to pay Plaintiff and the **Meal Period Sub-**
4   **Class** members additional premium wages when required meal periods were not provided.

5       73.   Pursuant to Labor Code section 204, 218.6 and 226.7, Plaintiff, on behalf of himself
6   and the **Meal Period Sub-Class** members, seek to recover unpaid premium wages, interest thereon,
7   and costs of suit.

8       74.   Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the
9   substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and
10  the **Meal Period Sub-Class** members, seeks to recover reasonable attorneys' fees.

11  <div align="center">**SECOND CAUSE OF ACTION**</div>
12  <div align="center">**FAILURE TO PROVIDE REST PERIODS**</div>
13  <div align="center">**(Lab. Code §§ 204, 223, 226.7 and 1198)**</div>
14  <div align="center">**(Plaintiff and Rest Period Sub-Class against Defendants)**</div>

15      75.   Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged
16  herein.

17      76.   At all relevant times, Plaintiff and the **Rest Period Sub-Class** members have been
18  non-exempt employees of Defendants entitled to the full rest period protections of both the Labor
19  Code and the applicable Wage Order.

20      77.   Section 12 of the applicable Wage Order imposes an affirmative obligation on
21  employers to permit and authorize employees to take required rest periods at a rate of no less than
22  ten minutes of net rest time for each four-hour work period, or major fraction thereof, that must be
23  in the middle of each work period insofar as practicable.

24      78.   Labor Code section 226.7 and Section 12 of the applicable Wage Order both prohibit
25  employers from requiring employees to work during required rest periods and require employers to
26  pay non-exempt employees an hour of premium wages at the employees' regular rates of pay, on
27  each workday that the employee is not provided with the required rest period(s).

28      79.   Compensation for missed rest periods constitutes wages within the meaning of Labor

1  Code section 200.

2      80.     Labor Code section 1198 makes it unlawful to employ a person under conditions that

3  violate the Wage Order.

4      81.     Plaintiff alleges that, at all relevant times during the applicable limitations period,

5  Defendants maintained a policy or practice of not providing members of the **Rest Period Sub-Class**

6  with net rest period of at least ten minutes for each four-hour work period, or major fraction thereof,

7  as required by the applicable Wage Order.

8      82.     At all relevant times, Defendants failed to pay Plaintiff and the **Rest Period Sub-**

9  **Class** members additional premium wages when required rest periods were not provided.

10      83.     Specifically, Defendants written policies do not provide that employees may take a

11  rest period for each four hours worked, or major fraction thereof, and that rest periods should be

12  taken in the middle of each work period insofar as practicable.

13      84.     Pursuant to Labor Code section 204, 218.6 and 226.7, Plaintiff, on behalf of himself

14  and **Rest Period Sub-Class** members, seek to recover unpaid premium wages, interest thereon, and

15  costs of suit.

16      85.     Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the

17  substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and

18  **Rest Period Sub-Class** members, seeks to recover reasonable attorneys' fees.

19                          **THIRD CAUSE OF ACTION**

20                      **FAILURE TO PAY HOURLY WAGES**

21                      **(Lab. Code §§ 223, 1194, 1197 and 1198)**

22              **(Plaintiff and Hourly Employee Class against Defendants)**

23      86.     Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged

24  herein.

25      87.     At all relevant times, Plaintiff and **Hourly Employee Class** members are or have

26  been non-exempt employees of Defendants entitled to the full protections of the Labor Code and the

27  applicable Wage Order.

28      88.     Section 2 of the applicable Wage Order defines "hours worked" as "the time during

                                   14

1 | which an employee is subject to the control of the employer, and includes all the time the employee

2 | is suffered or permitted to work, whether or not required to do so."

3 |      89.    Section 4 of the applicable Wage Order requires an employer to pay non-exempt

4 | employees at least the minimum wage set forth therein for all hours worked, which consist of all

5 | hours that an employer has actual or constructive knowledge that employees are working.

6 |      90.    Labor Code section 1194 invalidates any agreement between an employer and an

7 | employee to work for less than the minimum or overtime wage required under the applicable Wage

8 | Order.

9 |      91.    Labor Code section 1194.2 entitles non-exempt employees to recover liquidated

10 | damages in amounts equal to the amounts of unpaid minimum wages and interest thereon in

11 | addition to the underlying unpaid minimum wages and interest thereon.

12 |      92.    Labor Code section 1197 makes it unlawful for an employer to pay an employee less

13 | than the minimum wage required under the applicable Wage Order for all hours worked during a

14 | payroll period.

15 |      93.    Labor Code section 1197.1 provides that it is unlawful for any employer or any other

16 | person acting either individually or as an officer, agent or employee of another person, to pay an

17 | employee, or cause an employee to be paid, less than the applicable minimum wage.   .

18 |      94.    Labor Code section 1198 makes it unlawful for employers to employ employees

19 | under conditions that violate the applicable Wage Order.

20 |      95.    Labor Code section 204 requires employers to pay non-exempt employees their

21 | earned wages for the normal work period at least twice during each calendar month on days the

22 | employer designates in advance and to pay non-exempt employees their earned wages for labor

23 | performed in excess of the normal work period by no later than the next regular payday.

24 |      96.    Labor Code section 223 makes it unlawful for employers to pay their employees

25 | lower wages than required by contract or statute while purporting to pay them legal wages.

26 |      97.    Plaintiff is informed and believes that, at all relevant times, Defendants have applied

27 | centrally devised policies and practices to him and **Hourly Employee Class** members with respect

28 | to working conditions and compensation arrangements.

98.    At all relevant times, Defendants failed to pay hourly wages to Plaintiff and **Hourly Employee Class** members for all time worked.

99.    During the relevant time period, Defendants failed to pay Plaintiff and **Hourly Employee Class** members all earned wages every pay period at the correct rates, because Defendants directed, permitted, or otherwise encouraged Plaintiff and **Hourly Employee Class** members to perform off-the-clock work.

100.    As a result of Defendants' unlawful conduct, Plaintiff and **Hourly Employee Class** members have suffered damages in an amount, subject to proof, to the extent they were not paid the full amount of wages earned during each pay period during the applicable limitations period.

101.    Pursuant to Labor Code sections 204, 218.6, 223, 1194 and 1194.2, Plaintiff, on behalf of himself and **Hourly Employee Class** members, seek to recover unpaid straight time, interest thereon, and costs of suit.

102.    Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and **Hourly Employee Class** members, seek to recover reasonable attorneys' fees.

<div align="center">

**FOURTH CAUSE OF ACTION**

**FAILURE TO PAY VACATION WAGES**

**(Lab. Code § 227.3)**

**(Plaintiff and Vacation Pay Class)**

</div>

103.    Plaintiffs incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

104.    California Labor Code section 227.3 provides:

> Unless otherwise provided by a collective-bargaining agreement, whenever a contract of employment or employer policy provides for paid vacations, and an employee is terminated without having taken off his vested vacation time, all vested vacation shall be paid to him as wages at his final rate in accordance with such contract of employment or employer policy respecting eligibility or time served; provided, however, that an employment contract or employer policy shall not provide for forfeiture of vested vacation time upon termination.  The Labor Commissioner or a designated representative, in the resolution of any dispute with regard to vested vacation time, shall apply the principles of equity and fairness.

<div align="center">

16

CLASS ACTION COMPLAINT

</div>

105.    At all relevant times during the applicable limitations period, Plaintiffs and members of the **Vacation Pay Class** accrued vacation time during their employment with Defendants.

106.    As a result of their reimbursement policies and practices, Plaintiffs are informed and believes and thereon alleges that Defendants failed to reimburse her and **Vacation Pay Class** members for all accrued vacation wages.

107.    By reason of the above, Plaintiffs and the members of the **Vacation Pay Class** are entitled to restitution for all unpaid amounts due and owing to within four years (4) of the date of the filing of the Complaint until the date of entry of judgment.

108.    Plaintiffs, on behalf of themselves and the members of the **Vacation Pay Class**, seeks interest thereon pursuant to California Labor Code section 218.6, costs pursuant to California Labor Code section 218.6, and reasonable attorneys' fees pursuant to California Code of Civil Procedure section 1021.5.

## FIFTH CAUSE OF ACTION

### FAILURE TO INDEMNIFY

### (Lab. Code § 2802)

#### (Plaintiff and Expense Reimbursement Sub-Class against Defendants)

109.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

110.    Labor Code section 2802(a) states:

> "An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful."

111.    At all relevant times during the applicable limitations period, Plaintiff and the **Expense Reimbursement Sub-Class** members incurred necessary business-related expenses and costs, including but not limited to the purchase of cellular phones and cellular telephone services.

112.    Plaintiff is informed and believes, and thereupon alleges that the reimbursement paid

1    by Defendants was insufficient to indemnify Plaintiff and **Expense Reimbursement Sub-Class**

2    members for all necessary expenses incurred in the discharge of their duties.

3        113.    Plaintiff is informed and believes that, during the applicable limitations period,

4    Defendants maintained a policy or practice of not reimbursing Plaintiff and **Expense**

5    **Reimbursement Sub-Class** members for all necessary business expenses.

6        114.    Accordingly, Plaintiff and **Expense Reimbursement Sub-Class** members are

7    entitled to restitution for all unpaid amounts due and owing to within four years of the date of the

8    filing of the Complaint and until the date of entry of judgment.

9        115.    Plaintiff, on behalf of himself and **Expense Reimbursement Sub-Class** members,

10    seeks interest thereon and costs pursuant to Labor Code section 218.6 and reasonable attorneys' fees

11    pursuant to Code of Civil Procedure section 1021.5.

12 <center>**SIXTH CAUSE OF ACTION**</center>

13 <center>**FAILURE TO PROVIDE ACCURATE WRITTEN WAGE STATEMENTS**</center>

14 <center>**(Lab. Code § 226)**</center>

15 <center>**(Plaintiff and Wage Statement Penalties Sub-Class against Defendants)**</center>

16        116.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged

17    herein.

18        117.    Labor Code section 226(a) states:

19        "An employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employee, either as a detachable part of the check, draft,
20    or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing (1)
21    gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units earned and any
22    applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the
23    employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the
24    name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security
25    number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of
26    Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during
27    the pay period and the corresponding number of hours worked at each hourly rate by the employee and, beginning July 1, 2013, if the employer is a
28    temporary services employer as defined in Section 201.3, the rate of pay and

<center>18</center>
<center>CLASS ACTION COMPLAINT</center>

the total hours worked for each temporary services assignment. The deductions made from payment of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California. For purposes of this subdivision, 'copy' includes a duplicate of the itemized statement provided to an employee or a computer-generated record that accurately shows all of the information required by this subdivision."

118. The Division of Labor Standards Enforcement ("DLSE") has sought to harmonize the "detachable part of the check" provision and the "accurate itemized statement in writing" provision of Labor Code section 226(a) by allowing for electronic wage statements so long as each employee retains the right to elect to receive a written paper stub or record and that those who are provided with electronic wage statements retain the ability to easily access the information and convert the electronic statements into hard copies at no expense to the employee. (DLSE Opinion Letter July 6, 2006).

119. Plaintiff is informed and believes that, at all relevant times during the applicable limitations period, Defendants have failed to provide **Wage Statement Penalties Sub-Class** members with written wage statements as described above.

120. Plaintiff is informed and believes that Defendants' failure to provide him and **Wage Statement Penalties Sub-Class** members with accurate written wage statements were intentional in that Defendants have the ability to provide them with accurate wage statements but have intentionally provided them with written wage statements that Defendants have known do not comply with Labor Code section 226(a).

121. Plaintiff and **Wage Statement Penalties Sub-Class** members have suffered injuries, in that Defendants have violated their legal rights to receive accurate wage statements and have misled them about their actual rates of pay and wages earned. In addition, inaccurate information on their wage statements have prevented immediate challenges to Defendants' unlawful pay practices, has required discovery and mathematical computations to determine the amount of wages owed, has caused difficulty and expense in attempting to reconstruct time and pay records, and/or has led to the submission of inaccurate information about wages and deductions to federal and state government agencies.

1    122.   Pursuant to Labor Code section 226(e), Plaintiff, on behalf of himself and **Wage**

2  **Statement Penalties Sub-Class** members, seeks the greater of actual damages or $50.00 for the

3  initial pay period in which a violation of Labor Code section 226(a) occurred, and $100.00 for each

4  subsequent pay period in which a violation of Labor Code section 226(a) occurred, not to exceed an

5  aggregate penalty of $4000.00 per class member, as well as awards of reasonable attorneys' fees

6  and costs.

7                  **SEVENTH CAUSE OF ACTION**

8            **FAILURE TO TIMELY PAY ALL FINAL WAGES**

9                   **(Lab. Code §§ 201-203)**

10      **(Plaintiff and Waiting Time Penalties Sub-Class against Defendants)**

11    123.   Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged

12  herein.

13    124.   At all relevant times, Plaintiff and **Waiting Time Penalties Sub-Class** members

14  have been entitled, upon the end of their employment with Defendants, to timely payment of all

15  wages earned and unpaid before termination or resignation.

16    125.   At all relevant times, pursuant to Labor Code section 201, employees who have been

17  discharged have been entitled to payment of all final wages immediately upon termination.

18    126.   At all relevant times, pursuant to Labor Code section 202, employees who have

19  resigned after giving at least seventy-two (72) hours' notice of resignation have been entitled to

20  payment of all final wages at the time of resignation.

21    127.   At all relevant times, pursuant to Labor Code section 202, employees who have

22  resigned after giving less than seventy-two (72) hours' notice of resignation have been.entitled to

23  payment of all final wages within seventy-two (72) hours of giving notice of resignation.

24    128.   During the applicable limitations period, Defendants failed to pay Plaintiff all of his

25  final wages in accordance with the Labor Code by failing to timely pay him all of his final wages.

26    129.   Plaintiff is informed and believes that, at all relevant times during the applicable

27  limitations period, Defendants have failed to timely pay **Waiting Time Penalties Sub-Class**

28  members all of their final wages in accordance with the Labor Code.

CLASS ACTION COMPLAINT

130.    Plaintiff is informed and believes that, at all relevant times during the applicable limitations period, Defendants have maintained a policy or practice of paying **Waiting Time Penalties Sub-Class** members their final wages without regard to the requirements of Labor Code sections 201 or 202 by failing to timely pay them all final wages.

131.    Plaintiff is informed and believes and thereupon alleges that Defendants' failure to timely pay all final wages to him and **Waiting Time Penalties Sub-Class** members have been willful in that Defendants have the ability to pay final wages in accordance with Labor Code sections 201 and/or 202 but have intentionally adopted policies or practices that are incompatible with those requirements.

132.    Pursuant to Labor Code sections 203 and 218.6, Plaintiff, on behalf of himself and **Waiting Time Penalties Sub-Class** members, seeks waiting time penalties from the dates that their final wages have first become due until paid, up to a maximum of thirty days, and interest thereon.

133.    Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine and/or the common fund doctrine, Plaintiff, on behalf of himself and **Waiting Time Penalties Sub-Class** members, seeks awards of reasonable attorneys' fees and costs.

## EIGHTH CAUSE OF ACTION

### FAILURE TO PAY WAGES WITHOUT DISCOUNT

### (Lab. Code § 212)

### (Plaintiff and Pay Card Class against Defendants)

134.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

135.    At all relevant times, Plaintiff and the **Pay Card Class** members have been entitled to the protections of Labor Code section 212 which states:

"(a) No person, or agent or officer thereof, shall issue in payment of wages due, or to become due, or as an advance on wages to be earned:

(1) Any order, check, draft, note, memorandum, or other acknowledgment of indebtedness, unless it is negotiable and payable in cash, on demand, without discount, at some established place of business in the state, the name and address of which must appear on the instrument, and at the time of its issuance and for a reasonable time thereafter, which must be at least 30 days, the maker or drawer has sufficient funds in, or credit, arrangement, or understanding with the drawee

for its payment.

(2) Any scrip, coupon, cards, or other thing redeemable, in merchandise or purporting to be payable or redeemable otherwise than in money."

136.     Defendants violated Labor Code section 212 by issuing wages due in a non-negotiable manner that is not payable in cash at some place of business in the state without discount.

137.     At times during his employment, Defendants paid Plaintiff his wages on a "pay card" or preloaded debit card. Plaintiff incurred fees when attempting to use the pay card at various business in California. Plaintiff incurred fees when attempting to cash the pay card.

138.     Plaintiff was not given an itemized wage statement when paid with a pay card.

## NINTH CAUSE OF ACTION

### UNFAIR COMPETITION

### (Bus. & Prof. Code §§ 17200 *et seq.*)

### (Plaintiff and UCL Sub-Class against Defendants)

139.     Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

140.     Business and Professions Code section 17200 defines "unfair competition" to include any unlawful business practice.

141.     Business and Professions Code section 17203-17204 allow a person who has lost money or property as a result of unfair competition to bring a class action in accordance with Code of Civil Procedure section 382 to recover money or property that may have been acquired from similarly situated persons by means of unfair competition.

142.     California law requires employers to pay non-exempt employees for all hours they are permitted or suffered to work, including hours that the employer knows or reasonable should know that employees have worked.

143.     Plaintiff and the **UCL Sub-Class** members re-alleges and incorporates the FIRST, SECOND, THIRD, FOURTH, FIFTH, SIXTH, SEVENTH, and EIGTH causes of action herein.

144.     Plaintiff lost money or property as a result of the aforementioned unfair competition.

145.   Defendants have or may have acquired money by means of unfair competition.

146.   Plaintiff is informed and believes and thereupon alleges that by committing the Labor Code violations described in this Complaint, Defendants violated Labor Code sections 215, 216, 225, 226.6, 354, 408, 553, 1175, 1199 and 2802, which make it a misdemeanor to commit the Labor Code violations alleged herein.

147.   Defendants have committed criminal conduct through their policies and practices of, *inter alia*, failing to comport with their affirmative obligations as an employer to provide non-exempt employees with uninterrupted, duty-free meal periods of at least thirty minutes for each work period of five or more hours, provide non-exempt employees with uninterrupted, duty-free rest periods of at least ten minutes for each work period of four or more hours, by failing to pay non-exempt employees for all hours worked, by failing to reimburse them for all expenses, by failing to provide accurate, itemized wage statements, by failing to timely pay employees final wages, and by failing to provide employees wages without a discount.

148.   At all relevant times, Plaintiff and **UCL Sub-Class** members have been non-exempt employees and entitled to the full protections of both the Labor Code and the applicable Wage Order.

149.   Defendants' unlawful conduct as alleged in this Complaint amounts to and constitutes unfair competition within the meaning of Business and Professions Code section 17200 *et seq*. Business and Professions Code sections 17200 *et seq*. protects against unfair competition and allows a person who has suffered an injury-in-fact and has lost money or property as a result of an unfair, unlawful or fraudulent business practice to seek restitution on his own behalf and on behalf of similarly situated persons in a class action proceeding.

150.   As a result of Defendants' violations of the Labor Code during the applicable limitations period, Plaintiff has suffered an injury-in-fact and has lost money or property in the form of earned wages. Specifically, Plaintiff has lost money or property as a result of Defendants' conduct.

151.   Plaintiff is informed and believes that other similarly situated persons have been subject to the same unlawful policies or practices of Defendants.

1       152.    Due to the unfair and unlawful business practices in violation of the Labor Code,

2  Defendants have gained a competitive advantage over other comparable companies doing business

3  in the State of California that comply with their legal obligations.

4       153.    California's Unfair Competition Law ("UCL") permits civil recovery and injunctive

5  for "any unlawful, unfair or fraudulent business act or practice," including if a practice or act

6  violates or is considered unlawful under any other state or federal law.

7       154.    Accordingly, pursuant to Bus. & Prof. Code sections 17200 and 17203, Plaintiffs

8  request the issuance of temporary, preliminary and permanent injunctive relief enjoining

9  Defendants, and each of them, and their agents and employees, from further violations of the Labor

10  Code and applicable Industrial Welfare Commission Wage Orders; and upon a final hearing seek

11  an order permanently enjoining Defendants, and each of them, and their respective agents and

12  employees, from further violations of the Labor Code and applicable Industrial Welfare

13  Commission Wage Orders.

14       155.    Pursuant to Business and Professions Code section 17203, Plaintiff, on behalf of

15  himself and **UCL Sub-Class** members, seeks declaratory relief and restitution of all monies

16  rightfully belonging to them that Defendants did not pay them or otherwise retained by means of its

17  unlawful and unfair business practices.

18       156.    Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine

19  and/or the common fund doctrine, Plaintiff and **UCL Sub-Class** members are entitled to recover

20  reasonable attorneys' fees in connection with their unfair competition claims.

21                      **PRAYER FOR RELIEF**

22      WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, prays for

23  relief and judgment against Defendants as follows:

24           (1)     An order that the action be certified as a class action;

25           (2)     An order that Plaintiff be appointed class representative;

26           (3)     An order that counsel for Plaintiff be appointed class counsel;

27           (4)     Unpaid wages;

28           (5)     Actual damages;

1   (6)   Liquidated damages;

2   (7)   Restitution;

3   (8)   Declaratory relief;

4   (9)   Pre-judgment interest;

5   (10)  Statutory penalties;

6   (11)  Costs of suit;

7   (12)  Reasonable attorneys' fees; and

8   (13)  Such other relief as the Court deems just and proper.

9

10                          **DEMAND FOR JURY TRIAL**

11   Plaintiff, on behalf of himself and all other similarly situated, hereby demands a jury trial on

12   all issues so triable.

13

14   Dated: August 10, 2021                   SETAREH LAW GROUP

15

16

17
                                              SHAUN SETAREH
18                                            THOMAS SEGAL
                                              FARRAH GRANT
19                                            Attorneys for Plaintiff
                                              MICHAEL ALLEN JENSEN
20

21

22

23

24

25

26

27

28

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Shaun Setareh (SBN 204514)<br>Setareh Law Group<br>9665 Wilshire Blvd., Suite 430 Beverly Hills, CA 90212<br><br>TELEPHONE NO.: 310-888-7771   FAX NO. (Optional): 310-888-0109<br>ATTORNEY FOR (Name): Plaintiff, Michael Allen Jensen | **ELECTRONICALLY**<br>**F I L E D**<br>*Superior Court of California,*<br>*County of San Francisco*<br><br>**08/11/2021**<br>**Clerk of the Court**<br>BY: RONNIE OTERO<br>Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS: 400 McAllister St.
MAILING ADDRESS: 400 McAllister St.
CITY AND ZIP CODE: San Francisco 94102
BRANCH NAME: Civic Center Courthouse

CASE NAME:
Jensen v. CRST Expedited, Inc.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: **CGC-21-594399** | |
|---|---|---|---|
| [x] Unlimited   [ ] Limited<br>(Amount          (Amount<br>demanded        demanded is<br>exceeds $25,000)   $25,000) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE: | |
| | | DEPT.: | |

*Items 1–6 below must be completed (see instructions on page 2).*

**1   Check one box below for the case type that best describes this case:**

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint (not specified above) (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition (not specified above) (43) |
| [ ] Wrongful termination (38) | [ ] Writ of mandate (02) | |
| [x] Other employment (15) | [ ] Other judicial review (39) | |

**2.** This case [x] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [x] Large number of separately represented parties          d. [x] Large number of witnesses
b. [x] Extensive motion practice raising difficult or novel       e. [x] Coordination with related actions pending in one or more
      issues that will be time-consuming to resolve                    courts in other counties, states, or countries, or in a federal
c. [x] Substantial amount of documentary evidence                   court
                                                                 f. [ ] Substantial postjudgment judicial supervision

**3.** Remedies sought (check all that apply): a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [ ] punitive

**4.** Number of causes of action (specify):

**5.** This case [x] is   [ ] is not   a class action suit.

**6.** If there are any known related cases, file and serve a notice of related cases. (You may use form CM-015.)

Date: 8/10/2021

Shaun Setareh
_____
(TYPE OR PRINT NAME)                                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courts.ca.gov* |
|---|---|---|

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
 Auto (22)–Personal Injury/Property Damage/Wrongful Death
 Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
 Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
 Product Liability *(not asbestos or toxic/environmental)* (24)
 Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
 Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
 Business Tort/Unfair Business Practice (07)
 Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
 Defamation (e.g., slander, libel) (13)
 Fraud (16)
 Intellectual Property (19)
 Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
 Other Non-PI/PD/WD Tort (35)
**Employment**
 Wrongful Termination (36)
 Other Employment (15)

**Contract**
 Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
 Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
 Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
 Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
 Eminent Domain/Inverse Condemnation (14)
 Wrongful Eviction (33)
 Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
 Commercial (31)
 Residential (32)
 Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
 Asset Forfeiture (05)
 Petition Re: Arbitration Award (11)
 Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
 Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
 Antitrust/Trade Regulation (03)
 Construction Defect (10)
 Claims Involving Mass Tort (40)
 Securities Litigation (28)
 Environmental/Toxic Tort (30)
 Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
 Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
 RICO (27)
 Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
 Partnership and Corporate Governance (21)
 Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

CASE NUMBER: CGC-21-594399 MICHAEL ALLEN JENSEN VS. CRST EXPEDITED, INC. ET A

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

| | |
|---|---|
| **DATE:** | **JAN-12-2022** |
| **TIME:** | **10:30AM** |
| **PLACE:** | **Department 610** |
| | **400 McAllister Street** |
| | **San Francisco, CA  94102-3680** |

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference. However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed and served twenty-five days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state. **This case is eligible for electronic filing and service per Local Rule 2.11. For more information, please visit the Court's website at www.sfsuperiorcourt.org under Online Services.**

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

## ALTERNATIVE DISPUTE RESOLUTION REQUIREMENTS

IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE SHOULD PARTICIPATE IN MEDIATION, ARBITRATION, NEUTRAL EVALUATION, AN EARLY SETTLEMENT CONFERENCE, OR OTHER APPROPRIATE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.

(SEE LOCAL RULE 4)

Plaintiff **must** serve a copy of the Alternative Dispute Resolution (ADR) Information Package on each defendant along with the complaint. (CRC 3.221.) The ADR package may be accessed at www.sfsuperiorcourt.org/divisions/civil/dispute-resolution or you may request a paper copy from the filing clerk. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the ADR Information Package prior to filing the Case Management Statement.

**Superior Court Alternative Dispute Resolution Administrator**
**400  McAllister Street, Room 103-A**
**San Francisco, CA  94102**
**(415) 551-3869**

**See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.**



# Superior Court of California, County of San Francisco
## Alternative Dispute Resolution
## Information Package



> The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action together with the cross-complaint. (CRC 3.221(c).)

## WHAT IS ADR?

Alternative Dispute Resolution (ADR) is the term used to describe the various options available for settling a dispute without a trial. There are many different ADR processes, the most common forms of which are mediation, arbitration and settlement conferences.  In ADR, trained, impartial people decide disputes or help parties decide disputes themselves.  They can help parties resolve disputes without having to go to trial.

## WHY CHOOSE ADR?

It is the policy of the Superior Court that every long cause, non-criminal, non-juvenile case should participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to trial. (Local Rule 4.)

ADR can have a number of advantages over traditional litigation:

- **ADR can save time.**  A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.
- **ADR can save money,** including court costs, attorney fees, and expert fees.
- **ADR encourages participation.** The parties may have more opportunities to tell their story than in court and may have more control over the outcome of the case.
- **ADR is more satisfying.** For all the above reasons, many people participating in ADR have reported a high degree of satisfaction.

**\*\*Electing to participate in an ADR process does not stop the time period to respond to a complaint or cross-complaint\*\***

## WHAT ARE THE ADR OPTIONS?

The San Francisco Superior Court offers different types of ADR processes for general civil matters. The programs are described below:

## 1)  MANDATORY SETTLEMENT CONFERENCES

Settlement conferences are appropriate in any case where settlement is an option. The goal of settlement conferences is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of a dispute. Mandatory settlement conferences are ordered by the court and are often held near the date a case is set for trial, although they may be held earlier if appropriate. A party may elect to apply to the Presiding Judge for a specially set mandatory settlement conference by filing an ex parte application. See Local Rule 5.0 for further instructions. Upon approval by the Presiding Judge, the court will schedule the conference and assign a settlement conference officer.

## 2) MEDIATION

Mediation is a voluntary, flexible, and confidential process in which a neutral third party facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement that resolves all or part of a dispute after exploring the interests, needs, and priorities of the parties in light of relevant evidence and the law.

**(A) MEDIATION SERVICES OF THE BAR ASSOCIATION OF SAN FRANCISCO (BASF),** in cooperation with the Superior Court, is designed to help civil litigants resolve disputes before they incur substantial costs in litigation. While it is best to utilize the program at the outset of litigation, parties may use the program at any time while a case is pending. Experienced professional mediators work with parties to arrive at a mutually agreeable solution. The mediators provide one hour of preparation time and the first two hours of mediation time. Mediation time beyond that is charged at the mediator's hourly rate. BASF pre-screens all mediators based upon strict educational and experience requirements. Parties can select their mediator from the panels at www.sfbar.org/mediation or BASF can assist with mediator selection. BASF staff handles conflict checks and full case management. The success rate for the program is 67% and the satisfaction rate is 99%. BASF charges an administrative fee of $295 per party. The hourly mediator fee beyond the first three hours will vary depending on the mediator selected. Waivers of the fee are available to those who qualify. For more information, call 415-982-1600 or email adr@sfbar.org.

**(B) JUDICIAL MEDIATION PROGRAM** provides mediation with a San Francisco Superior Court judge for civil cases, which include but are not limited to, personal injury, construction defect, employment, professional malpractice, insurance coverage, toxic torts and industrial accidents. Parties may utilize this program at any time throughout the litigation process. Parties interested in judicial mediation should file a Stipulation to Judicial Mediation indicating a joint request for inclusion in the program. A preference for a specific judge may be indicated. The court will coordinate assignment of cases for the program. There is no charge. Information about the Judicial Mediation Program may be found by visiting the ADR page on the court's website: www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

**(C) PRIVATE MEDIATION:** Although not currently a part of the court's ADR program, parties may select any private mediator of their choice. The selection and coordination of private mediation is the responsibility of the parties. Parties may find mediators and organizations on the Internet. The cost of private mediation will vary depending on the mediator selected.

**(D) COMMUNITY BOARDS MEDIATION SERVICES:** Mediation services are offered by Community Boards (CB), a nonprofit resolution center, under the Dispute Resolution Programs Act. CB utilizes a three-person panel mediation process in which mediators work as a team to assist the parties in reaching a shared solution. To the extent possible, mediators are selected to reflect the demographics of the disputants. CB has a success rate of 85% for parties reaching a resolution and a consumer satisfaction rate of 99%. The fee is $45-$100 to open a case, and an hourly rate of $180 for complex cases. Reduction and waiver of the fee are available. For more information, call 415-920-3820 or visit communityboards.org.

## 3) ARBITRATION

An arbitrator is a neutral attorney who presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case.

### (A) JUDICIAL ARBITRATION

When the court orders a case to arbitration it is called "judicial arbitration". The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial. Pursuant to CCP 1141.11, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration. (Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.) An arbitrator is chosen from the court's arbitration panel. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is not binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a trial within 60 days after the arbitrator's award has been filed. Local Rule 4.1 allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate after being assigned to judicial arbitration. There is no cost to the parties for judicial arbitration.

### (B) PRIVATE ARBITRATION

Although not currently a part of the court's ADR program, civil disputes may also be resolved through private arbitration. Here, the parties voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

## HOW DO I PARTICIPATE IN ADR?

Litigants may elect to participate in ADR at any point in a case. General civil cases may voluntarily enter into the court's or court-affiliated ADR programs by any of the following means:

- Filing a Stipulation to ADR: Complete and file the Stipulation form (attached to this packet and available on the court's website); or
- Indicating your ADR preferences on the Case Management Statement (available on the court's website); or
- Contacting the court's ADR Department (see below), the Bar Association of San Francisco's ADR Services, or Community Boards.

**For more information about ADR programs or dispute resolution alternatives, contact:**

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103-A, San Francisco, CA 94102
415-551-3869
Or, visit the court's ADR page at www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

TO PARTICIPATE IN ANY OF THE COURT'S ADR PROGRAMS, PLEASE COMPLETE AND FILE THE ATTACHED STIPULATION TO ADR AND SUBMIT IT TO THE COURT. <u>YOU MUST ALSO CONTACT BASF OR COMMUNITY BOARDS TO ENROLL IN THEIR LISTED PROGRAMS. THE COURT DOES NOT FORWARD COPIES OF STIPULATIONS TO BASF OR COMMUNITY BOARDS.</u>

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name *and address*) | FOR COURT USE ONLY |
|---|---|
| | |

TELEPHONE NO:

ATTORNEY FOR *(Name)*:

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO**
400 McAllister Street
San Francisco, CA 94102-4514

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: _____ |
|---|---|
| | **DEPARTMENT 610** |

**1)** **The parties hereby stipulate that this action shall be submitted to the following ADR process:**

☐ **Mediation Services of the Bar Association of San Francisco (BASF)** - Experienced professional mediators, screened and approved, provide one hour of preparation and the first two hours of mediation time for a BASF administrative fee of $295 per party. Mediation time beyond that is charged at the mediator's hourly rate. Waivers of the administrative fee are available to those who qualify. BASF assists parties with mediator selection, conflicts checks and full case management. www.sfbar.org/mediation

☐ **Mediation Services of Community Boards (CB)** – Service in conjunction with DRPA, CB provides case development and one three-hour mediation session. Additional sessions may be scheduled. The cost is $45-$100 to open a case, and an hourly rate of $180 for complex cases. Reduction and waiver of the fee are available to those who qualify. communityboards.org

☐ **Private Mediation** - Mediators and ADR provider organizations charge by the hour or by the day, current market rates. ADR organizations may also charge an administrative fee. Parties may find experienced mediators and organizations on the Internet.

☐ **Judicial Arbitration** - Non-binding arbitration is available to cases in which the amount in controversy is $50,000 or less and no equitable relief is sought. The court appoints a pre-screened arbitrator who will issue an award. There is no fee for this program. www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

☐ **Judicial Mediation** - The Judicial Mediation program offers mediation in civil litigation with a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. There is no fee for this program. www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

Judge Requested (see list of Judges currently participating in the program): _____

Date range requested for Judicial Mediation (from the filing of stipulation to Judicial Mediation):

☐ 30-90 days ☐ 90-120 days ☐ Other (please specify) _____

☐ **Other ADR process (describe)** _____

**2)** **The parties agree that the ADR Process shall be completed by (date):** _____
**3)** **Plaintiff(s) and Defendant(s) further agree as follows:**

_____

_____


| | |
|---|---|
| _____ | _____ |
| Name of Party Stipulating | Name of Party Stipulating |
| _____ | _____ |
| Name of Party or Attorney Executing Stipulation | Name of Party or Attorney Executing Stipulation |
| _____ | _____ |
| Signature of Party or Attorney | Signature of Party or Attorney |
| ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | ☐ Plaintiff ☐ Defendant ☐ Cross-defendant |
| Dated: _____ | Dated: _____ |

☐ *Additional signature(s) attached*

ADR-2  10/18             **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION**

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CRST EXPEDITED, INC., an Iowa corporation; and DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MICHAEL ALLEN JENSEN, on behalf of himself and all others similarly situated,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* Civic Center Courthouse 400 McAllister St. San Francisco, CA 94102 | CASE NUMBER: *(Número del Caso):* **CGC-21-594399** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Shaun Setareh, 9665 Wilshire Blvd., Ste 430, Beverly Hills, CA 90212 (310) 888-7771

| DATE: *(Fecha)* 8/10/2021 09/01/2021 | Clerk, by *(Secretario)* RONNIE OTERO | , Deputy *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use Proof of Service of Summons, (POS-010).)*

[SEAL]

**NOTICE TO THE PERSON SERVED: You are served**
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):*  CRST EXPEDITED, INC., an Iowa corporation

under: ☒ CCP 416.10 (corporation)
☐ CCP 416.20 (defunct corporation)
☐ CCP 416.40 (association or partnership)
☐ other *(specify):*
☐ CCP 416.60 (minor)
☐ CCP 416.70 (conservatee)
☐ CCP 416.90 (authorized person)

4. ☐ by personal delivery on *(date)*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

POS-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br><br>none , none<br>Law Office of Shaun Setareh<br>9665 Wilshire Blvd., Suite 430<br>Beverly Hills, CA 90212<br>**TELEPHONE NO.:** (310)888-7771<br>ATTORNEY FOR *(Name):* Plaintiff | FOR COURT USE ONLY<br><br>ELECTRONICALLY<br>**F I L E D**<br>*Superior Court of California,*<br>*County of San Francisco*<br>**09/08/2021**<br>**Clerk of the Court**<br>BY: EDWARD SANTOS<br>Deputy Clerk |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF**<br>Superior Court of California, San Francisco County<br>400 McAllister Street<br>San Francisco, CA 94102 | |
| PLAINTIFF/PETITIONER: Michael Allen Jensen<br><br>DEFENDANT/RESPONDENT: CRST Expedited, Inc., et al | CASE NUMBER:<br>CGC-21-594399 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>CRST WH Jensen |

**BY FAX**

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.
2. I served copies of:

   Complaint, Civil Case Cover Sheet, Summons, Notice to Plaintiff, Alternative Dispute Resolution (ADR) Information Package

3. a. Party served:  CRST EXPEDITED, INC., an Iowa corporation

   b. Person Served: Cogency Global Inc. - Lya Daggett - Person Authorized to Accept Service of Process

4. Address where the party was served: 1325 J St, Suite 1550
   Sacramento, CA 95814
5. I served the party
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on (date): 09/03/2021          (2) at  (time): 3:47PM
6. The "Notice to the Person Served" (on the summons) was completed as follows:

   d. on behalf of:

   CRST EXPEDITED, INC., an Iowa corporation
   under: CCP 416.10 (corporation)
7. **Person who served papers**
   a.  Name:        Brandon Lee Ortiz
   b.  Address:     One Legal - P-000618-Sonoma
                    1400 North McDowell Blvd, Ste 300
                    Petaluma, CA 94954

   c. Telephone number: 415-491-0606
   d. The fee for service was: $ 64.00
   e I am:
      (3)  registered California process server.
         (i)  Employee or independent contractor.
         (ii)  Registration No.: 2012-37
         (iii)  County:  Sacramento

8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Date:  09/07/2021

Brandon Lee Ortiz
(NAME OF PERSON WHO SERVED PAPERS)                                          (SIGNATURE)

| | |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California POS-010<br>[Rev. Jan 1, 2007] | Code of Civil Procedure, § 417.10 |

**PROOF OF SERVICE OF SUMMONS**

OL# 16855953

Shaun Setareh (SBN 204514)
  shaun@setarehlaw.com
Thomas Segal (SBN 222791)
  thomas@setarehlaw.com
Farrah Grant (SBN 293898)
  farrah@setarehlaw.com
SETAREH LAW GROUP
9665 Wilshire Boulevard, Suite 430
Beverly Hills, California 90212
Telephone (310) 888-7771
Facsimile (310) 888-0109

Attorneys for Plaintiff Michael Allen Jensen

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN FRANCISCO

UNLIMITED JURISDICTION

| | |
|---|---|
| MICHAEL ALLEN JENSEN, on behalf of himself and all others similarly situated,<br><br>            *Plaintiff*,<br><br>        vs.<br><br>CRST EXPEDITED, INC., an Iowa corporation; and DOES 1 through 50, inclusive,<br><br>            *Defendants*. | Case No. CGC-21-594399<br><br>**PLAINTIFF'S NOTICE OF ERRATA** |

## **NOTICE OF ERRATA**

PLEASE TAKE NOTICE that Plaintiff MICHAEL ALLEN JENSEN ("Plaintiff") hereby requests the Court to take notice of the following errata:

On August 11, 2021, Plaintiff electronically filed his Complaint which inadvertently did not include the third page. Attached hereto as Exhibit A is the complete version of the Complaint that Plaintiff intended to file.

Dated: September 27, 2021                    SETAREH LAW GROUP


                                             _/s/ Farrah Grant_____
                                             SHAUN SETAREH
                                             THOMAS SEGAL
                                             FARRAH GRANT
                                             Attorneys for Plaintiff
                                             MICHAEL ALLEN JENSEN

# EXHIBIT A

1 | Shaun Setareh (SBN 204514)
      shaun@setarehlaw.com
2 | Thomas Segal (SBN 222791)
      thomas@setarehlaw.com
3 | Farrah Grant (SBN 293898)
      farrah@setarehlaw.com
4 | SETAREH LAW GROUP
   9665 Wilshire Boulevard, Suite 430
5 | Beverly Hills, California 90212
   Telephone (310) 888-7771
6 | Facsimile (310) 888-0109

7 | Attorneys for Plaintiff Michael Allen Jensen

8 |

9 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

10 | FOR THE COUNTY OF SAN FRANCISCO

11 | UNLIMITED JURISDICTION

12 |

| | |
|---|---|
| MICHAEL ALLEN JENSEN, on behalf of himself and all others similarly situated, | Case No. |
| *Plaintiff,* | **CLASS ACTION** |
| | **CLASS ACTION COMPLAINT** |
| vs. | |
| CRST EXPEDITED, INC., an Iowa corporation; and DOES 1 through 50, inclusive, | 1. Failure to Provide Meal Periods (Lab. Code §§ 204, 223, 226.7, 512 and 1198);<br>2. Failure to Provide Rest Periods (Lab. Code §§ 204, 223, 226.7 and 1198); |
| *Defendants.* | 3. Failure to Pay Hourly Wages (Lab. Code §§ 223, 1194, 1194.2, 1197, 1997.1 and 1198);<br>4. Failure to Pay Vacation Wages (Lab. Code § 227.3);<br>5. Failure to Indemnify (Lab. Code § 2802);<br>6. Failure to Provide Accurate Written Wage Statements (Lab. Code §§ 226(a));<br>7. Failure to Timely Pay All Final Wages (Lab. Code §§ 201, 202 and 203);<br>8. Failure to Pay Wages Without Discount (Lab. Code § 212);<br>9. Unfair Competition (Bus. & Prof. Code §§ 17200 *et seq.*); |
| | **JURY TRIAL DEMANDED** |

FIRST AMENDED CLASS ACTION COMPLAINT

1   COMES NOW, Plaintiff MICHAEL ALLEN JENSEN ("Plaintiff"), on behalf of himself

2   and all others similarly situated, and complains and alleges as follows:

3                                    **INTRODUCTION**

4        1.      Plaintiff brings this class and representative action against Defendant CRST

5   EXPEDITED, INC., an Iowa corporation, and DOES 1 through 50, inclusive (collectively referred

6   to as "Defendants") for alleged violations of the Labor Code and Business and Professions Code.

7   As set forth below, Plaintiff alleges that Defendants have

8        (1)     failed to provide him and all other similarly situated individuals with meal

9                periods;

10       (2)     failed to provide them with rest periods;

11       (3)     failed to pay them premium wages for missed meal and/or rest periods;

12       (4)     failed to pay them premium wages for missed meal and/or rest periods at the

13               regular rate of pay;

14       (5)     failed to pay them at least minimum wage for all hours worked;

15       (6)     failed to reimburse them for all necessary business expenses;

16       (7)     failed to pay wages without discount;

17       (8)     failed to pay them for all vested vacation pay;

18       (9)     failed to provide them with accurate written wage statements; and

19       (10)    failed to pay them all of their final wages following separation of

20               employment.

21       Based on these alleged Labor Code violations, Plaintiff now brings this class and

22   representative action to recover unpaid wages, restitution, and related relief on behalf of himself and

23   all others similarly situated.

24                              **JURISDICTON AND VENUE**

25       2.      This Court has subject matter jurisdiction to hear this case because the monetary

26   damages and restitution sought by Plaintiff from Defendants conduct exceeds the minimal

27   jurisdiction of the Superior Court of the State of California.

28       3.      Venue is proper in San Francisco pursuant to Code of Civil Procedure §§ 395(a) and

1 | 395.5 in that liability arose there, because at least some of the transactions that are the subject matter

2 | of this Complaint occurred therein.

3 |       4.       Plaintiff is informed and believes, and thereupon alleges that the individual claims of

4 | the class defined below are under the $75,000 threshold for federal diversity jurisdiction. Further,

5 | there is no federal question at issue as the issues herein are based solely on California law.

6 | **PARTIES**

7 |       5.       Plaintiff MICHAEL ALLEN JENSEN is, and at all relevant times mentioned herein,

8 | an individual residing in the State of California.

9 |       6.       Plaintiff is informed and believes, and thereupon alleges that Defendant CRST

10 | EXPEDITED, INC. is, and at all relevant times mentioned herein, an Iowa corporation doing

11 | business in the State of California.

12 |       7.       Plaintiff is ignorant of the true names and capacities of the defendants sued herein as

13 | DOES 1 through 50, inclusive, but is informed and believes, and thereupon alleges, that each of the

14 | fictitiously named defendants are legally responsible for the wrongful conduct alleged herein and

15 | therefore sues those defendants by such fictitious names. Plaintiff will amend this complaint to

16 | allege both the true names and capacities of the DOE defendants when ascertained.

17 |       8.       Plaintiff is informed and believes, and thereupon alleges that, at all relevant times

18 | mentioned herein, all of the defendants were the representatives, agents, employees, partners,

19 | directors, associates, joint venturers, principals or co-participants of some or all of the other

20 | defendants, and in doing the things alleged herein, were acting within the course and scope of such

21 | relationship and with the full knowledge, consent, and ratification by such other defendants.

22 |       9.       Plaintiff is informed and believes, and thereupon alleges, that, at all relevant times

23 | mentioned herein, some of the defendants pursued a common course of conduct, acted in concert

24 | and conspired with one another, and aided and abetted one another to accomplish the occurrences,

25 | acts, and omissions alleged herein.

26 | **CLASS ALLEGATIONS**

27 |       10.       This action has been brought and may be maintained as a class action pursuant to

28 | Code of Civil Procedure section 382, because there is a well-defined community of interest among

the persons who comprise the readily ascertainable classes defined below and because Plaintiff is unaware of any difficulties likely to be encountered in managing this case as a class action.

11.     **Relevant Time Period**:  The relevant time period is defined as the time period beginning four years prior to the filing of this action until judgment is entered.

**Hourly Employee Class**:  All persons employed by Defendants in hourly or non-exempt positions as Drivers based in California and/or Drivers who drove into California during the **Relevant Time Period**.

**Meal Period Sub-Class**:  All **Hourly Employee Class** members who worked in a shift in excess of five hours during the **Relevant Time Period**.

**Rest Period Sub-Class**:  All **Hourly Employee Class** members who worked a shift of at least three and one-half (3.5) hours during the **Relevant Time Period**.

**Waiting Time Penalties Sub-Class**:  All **Hourly Employee Class** members who separated from their employment with Defendants during the period beginning three years before the filing of this action and ending when final judgment is entered.

**Wage Statement Penalties Sub-Class**:  All persons employed by Defendants in California during the period beginning one year before the filing of this action and ending when final judgment is entered.

**Expense Reimbursement Sub-Class:**  All persons employed by Defendants in California who used their personal cellphones during the **Relevant Time Period**.

**Pay Card Class**:  All persons employed by Defendants in California who were paid their wages with a pay card and were not paid all earned wages during the **Relevant Time Period**.

**Vacation Pay Class**:  All persons employed by Defendants in California who earned paid vacation days, including but not limited to, "Floating Holidays," without receiving compensation for each vested paid vacation day during the **Relevant Time Period**.

**UCL Sub-Class**:  All **Hourly Employee Class** members employed by Defendants in California during the **Relevant Time Period**.

12.     **Reservation of Rights**:  Pursuant to Rule of Court 3.765(b), Plaintiff reserves the right to amend or modify the class definitions with greater specificity, by further division into sub-classes, and/or by limitation to particular issues.

13.     **Numerosity**:  The class members are so numerous that the individual joinder of each individual class member is impractical. While Plaintiff does not currently know the exact number of class members, Plaintiff is informed and believes, and thereupon alleges that the actual number exceeds the minimum required for numerosity under California law.

14.     **Commonality and Predominance:**  Common questions of law and fact exist as to all class members and predominate over any questions which affect only individual class members. These common questions include, but are not limited to:

A.     Whether Defendants maintained a policy or practice of failing to provide employees with their meal periods;

B.     Whether Defendants maintained a policy or practice of failing to provide employees with their rest periods;

C.     Whether Defendants failed to pay premium wages to class members when they have not been provided with required meal and/or rest periods;

D.     Whether Defendants failed to pay minimum wages to class members as a result of policies that fail to provide meal periods in accordance with California law;

E.     Whether Defendants failed to pay minimum wages to class members for all time worked;

F.     Whether Defendants failed to reimburse class members for all necessary business expenses incurred during the discharge of their duties;

G.     Whether Defendants failed to provide class members with accurate written wage statements as a result of providing them with written wage statements with inaccurate entries for, among other things, amounts of gross and net wages, and total hours worked;

H.     Whether Defendants used pay cards to pay class members;

I.     Whether class members incurred fees in cashing pay cards;

J.     Whether class members have been able to redeem pay cards for their full cash value;

K.     Whether Defendants applied policies or practices that result in late and/or incomplete final wage payments;

L.     Whether Defendants are liable to class members for waiting time penalties under Labor Code section 203;

4

      M.     Whether class members are entitled to restitution of money or property that Defendants may have acquired from them through unfair competition;

      N.     Whether Defendants failed to provide proportionate accruals for vested vacation time for class members as required by California law;

      O.     Whether Defendants subjected the vacation time and/or floating holidays they offer to class members to forfeiture;

15.    **Typicality:**  Plaintiff's claims are typical of the other class members' claims. Plaintiff is informed and believes and thereupon alleges that Defendants have a policy or practice of failing to comply with the Labor Code and Business and Professions Code as alleged in this Complaint.

16.    **Adequacy of Class Representative:**  Plaintiff is an adequate class representative in that he has no interests that are adverse to, or otherwise conflict with, the interests of absent class members and is dedicated to vigorously prosecuting this action on their behalf.  Plaintiff will fairly and adequately represent and protect the interests of the other class members.

17.    **Adequacy of Class Counsel:**  Plaintiff's counsel are adequate class counsel in that they have no known conflicts of interest with Plaintiff or absent class members, are experienced in wage and hour class action litigation, and are dedicated to vigorously prosecuting this action on behalf of Plaintiff and absent class members.

18.    **Superiority:**  A class action is vastly superior to other available means for fair and efficient adjudication of the class members' claims and would be beneficial to the parties and the Court. Class action treatment will allow a number of similarly situated persons to simultaneously and efficiently prosecute their common claims in a single forum without the unnecessary duplication of effort and expense that numerous individual actions would entail. In addition, the monetary amounts due to many individual class members are likely to be relatively small and would thus make I difficult, if not impossible, for individual class members to both seek and obtain relief. Moreover, a class action will serve an important public interest by permitting class members to effectively pursue the recovery of monies owed to them. Further, a class action will prevent the potential for inconsistent or contradictory judgments inherent in individual litigation.

**GENERAL ALLEGATIONS**

19.    Plaintiff worked for Defendants as a non-exempt employee from approximately May 24, 2019 through November 20, 2019.

20.    Plaintiff was employed as an Over-The-Road Driver which duties included, but were not limited to, transporting and delivering product, conducting inspections, and fueling.

**Off-the-Clock Work**

21.    Plaintiff and the putative class were not paid all wages earned as Defendants directed, permitted, or otherwise encouraged Plaintiff and the putative class to perform off-the-clock work.

22.    Plaintiff and the putative class regularly started work before their scheduled shift and were not paid for this time. Plaintiff and the putative class were instructed by their trainers and managers to report to work to perform pre-trip vehicle safety inspections, including but not limited to inspection of tires and engine fluids, and to be present during loading and un-loading procedures. Plaintiff and the putative class were instructed by their trainers and managers not to clock-in for this work and to only clock-in while driving.

23.    Plaintiff and the putative class were required inspect their vehicles, including but not limited to checking tire pressure and engine fluids, at the beginning of each trip and before clocking in.

24.    Plaintiff and the putative class were required to be present for and remain with the vehicle during loading and unloading procedures both before clocking in for a shift and after clocking out.

25.    Plaintiff and the putative class were required to clock out during their shifts to perform work duties such as refueling.

26.    Plaintiff and the putative class regularly continue to work during their scheduled shift while off-the-clock and were not paid for this time. Plaintiff and the putative class were instructed by their trainers and managers to perform various tasks during their scheduled shifts, including but not limited to refueling their vehicles and communicating with supervisors and other employees. Plaintiff and the putative class were instructed by their trainers and managers not to

1  clock-in for this work and to only clock-in while driving.

2       27.     Plaintiff and the putative class regularly continued to work after their scheduled shift
3  and were not paid for this time. Plaintiff and the putative class were instructed by their trainers and
4  managers to remain with the vehicle during loading and un-loading procedures. Plaintiff and the
5  putative class were instructed by their trainers and managers clock-out before performing this work
6  and to only clock-in while driving.

7       28.     As a result of performing off-the-clock work that was directed, permitted or
8  otherwise encouraged by Defendants, Plaintiff and the putative class should have been paid for this
9  time. Instead, Defendants only paid Plaintiff and the putative class based on the time they were
10  clocked in for their shifts and did not pay Plaintiff and the putative class for any of the time spent
11  working off-the-clock.

12       29.     Defendants knew or should have known that Plaintiff and the putative class were
13  performing work before and after their scheduled work shifts and failed to pay Plaintiff and the
14  putative class for these hours.

15       30.     Defendants knew or should have known that Plaintiff and the putative class were
16  performing work off-the-clock during their scheduled shifts and failed to pay Plaintiff and the
17  putative class for these hours.

18       31.     Defendants were aware of this practice and directed, permitted or otherwise
19  encouraged Plaintiff and the putative class to perform off-the-clock work.

20       32.     As a result of Defendants' policies and practices, Plaintiff and the putative class were
21  not paid for all hours worked.

22                                **Missed Meal Periods**

23       33.     Plaintiff and the putative class members were not provided with meal periods of at
24  least thirty (30) minutes for each five (5) hour work period due to (1) Defendants' policy of not
25  scheduling each meal period as part of each work shift; (2) no formal written meal and rest period
26  policy that encouraged employees to take their meal and rest periods; and (3) regular practice of
27  requiring Plaintiff and the putative class to perform off-the-clock work during their meal periods,
28  including but not limited to vehicle safety inspections, refueling, driving and remaining at the

1  vehicle and being present for loading and unloading.

2       34.    As a result of Defendants' policy, Plaintiff and the putative class were regularly not

3  provided with uninterrupted meal periods of at least thirty (30) minutes for each five (5) hours

4  worked due to complying with Defendants' productivity requirements that required Plaintiff and

5  the putative class to work through their meal periods in order to complete their assignments on

6  time.

7                                   **Missed Rest Periods**

8       35.    Plaintiff and the putative class members were not provided with rest periods of at

9  least ten (10) minutes for each four (4) hour work period, or major fraction thereof, due to (1)

10  Defendants' policy of not scheduling each rest period as part of each work shift; (2) no formal

11  written meal and rest period policy that encouraged employees to take their meal and rest periods;

12  and (3) regular practice of requiring Plaintiff and the putative class to perform work during their

13  rest periods, including but not limited to vehicle safety inspections, refueling, driving and

14  remaining at the vehicle and being present for loading and unloading.

15       36.    As a result of Defendants' policy, Plaintiff and the putative class were regularly not

16  provided with uninterrupted rest periods of at least ten (10) minutes for each four (4) hours worked

17  due to complying with Defendants' productivity requirements that required Plaintiff and the

18  putative class to work through their rest periods in order to complete their assignments on time.

19                       **Uncompensated for All Hours Worked**

20       37.    Plaintiff and the putative class members were hired as drivers and were paid based

21  on a per-mile basis.

22       38.    Defendants use a timekeeping policy and practice which resulted in time during

23  which non-exempt drivers were subject to the control of Defendants but were not paid for all hours

24  actually worked.

25       39.    Plaintiff and the putative class were compensated based on a per-mile compensation

26  plan.  However, Defendants required and expected Plaintiff and the putative class to spend

27  substantial amounts of time under the control of Defendants and performing non-compensable tasks

28  (i.e. tasks for which Plaintiff and the putative class were paid nothing under Defendants' pay plan).

40.     In California, an employer is required to pay an employee for "all hours worked" which includes all time that an employee is under the control of the employer and including all time that the employee is suffered or permitted to work. This includes the time an employee spends, either directly or indirectly, performing services which inure to the benefit of the employer and any time during which an employer's policies and procedures do not allow employees to use that time effectively for their own purposes. *Morillion v. Royal Packing Co.* (2002) 22 Cal.4th 575, 586-588; *Bono Enterprises, Inc. v. Bradshaw* (1995) 32 Cal.App.4th 968. In turn, this includes, but is not limited to, time spent by employees during which they cannot effectively use for their own purposes because the employees are compelled by the necessities of the employer's business.

41.     The minimum wage statute applicable to Defendants' business currently provides: "Every employer shall pay to each employee wages not less than those stated above, on each effective date, per hour for *all hours worked*." (Italics added.) This language expresses the intent to ensure that employees be compensated at the minimum wage for each hour worked.

42.     Labor Code sections 1194 and 1197 require that an employer compensate employees for "hours worked" at least at a minimum wage rate of pay as established by the wage orders.

43.     Despite the California law requiring employers to pay employees for all hours worked at least at a minimum wage rate, Defendants suffered and permitted Plaintiff and the putative class to perform non-compensable related work for which they received no compensation at all.

44.     Plaintiff and the putative class were required to perform pre-trip vehicle safety inspections, including but not limited to inspection of tires and engine fluids, to be present during loading and un-loading procedures. refueling their vehicles, and communicating with supervisors and other employees, all while off-the-clock.

45.     Plaintiff and the putative class were paid based on miles driven without regard to the amount of hours actually worked. This payment scheme could result in a daily wage that is less than the legal minimum wage and failed to compensate Plaintiff and the putative class for wages to which they were entitled.

46.     Defendants failed to pay Plaintiff and the putative class at least the minimum wage

1    for all hours worked.

2                              **Vacation Pay**

3       47.    Plaintiff and the putative class accrued vacation wages during their employment with

4    Defendants.

5       48.    Under California law, vacation wages are considered a form of wages under Labor

6    Code section 200.  Vested vacation pay and other similar forms of paid time off earned based on

7    labor performed are considered wages that cannot be subject to forfeiture without compensation for

8    forfeited days at the applicable rates required by law.

9       49.    At all relevant times, Defendants maintained policies that provide for the unlawful

10   forfeiture of vested vacation pay in violation of Labor Code section 227.3 and *Suastez v. Plastic*

11   *Dress-Up Co.*, (1982) 31 Cal. 3d 774.

12      50.    Plaintiff and the putative class are entitled to vacation accrued during their

13   employment with Defendants.  Upon termination, Plaintiff and the putative class were not paid out

14   all accrued vacation pay.

15                          **Expense Reimbursement**

16      51.    Plaintiff and the putative class members were required to utilize their own personal

17   cell phones to perform their job duties including but not limited to contacting and communicating

18   with management regularly, and using navigation applications to properly perform driving tasks..

19      52.    Plaintiff and the putative class members were not reimbursed for business expenses

20   incurred in purchasing and maintaining their cell phones and cellular phone services.

21      53.    In addition, Plaintiff and the putative class members were not paid at least two times

22   the minimum wage for all hours worked.

23      54.    Defendants failed to reimburse Plaintiff and the putative class for such necessary

24   business expenses incurred by them.

25   ///

26                              **Wage Statements**

27      55.    Plaintiff and the putative class were not provided with accurate wage statements as

28   mandated by law pursuant to Labor Code section 226.

56.     Defendants failed to comply with Labor Code section 226(a)(1) as "gross wages earned" were not accurately reflected in that: all hours worked were not included.

57.     Defendants failed to comply with Labor Code section 226(a)(2) as "total hours worked by the employee" were not accurately reflected in that: all hours worked were not included.

58.     Defendants failed to comply with Labor Code section 226(a)(5) as "net wages earned" were not accurately reflected in that: all hours worked were not included.

59.     Defendants failed to comply with Labor Code section 226(a)(9) as "all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee" were not accurately reflected in that: all hours worked were not included.

## FIRST CAUSE OF ACTION

### FAILURE TO PROVIDE MEAL PERIODS

### (Lab. Code §§ 004, 223, 226.7, 512 and 1198)

### (Plaintiff and Meal Period Sub-Class against Defendants)

60.     Plaintiff incorporates by reference the preceding paragraphs of the Complaint as if fully alleged herein.

61.     At all relevant times, Plaintiff and the **Meal Period Sub-Class** members have been non-exempt employees of Defendant entitled to the full meal period protections of both the Labor Code and the applicable Industrial Welfare Commission Wage Order.

62.     Labor Code section 512 and Section 11 of the applicable Industrial Welfare Commission Wage Order impose an affirmative obligation on employers to provide non-exempt employees with uninterrupted, duty-free meal periods of at least thirty minutes for each work period of five hours, and to provide them with two uninterrupted, duty-free meal periods of at least thirty minutes for each work period of ten hours.

63.     Labor Code section 226.7 and Section 11 of the applicable Industrial Welfare Commission Wage Order ("Wage Order") both prohibit employers from requiring employees to work during required meal periods and require employers to pay non-exempt employees an hour of premium wages on each workday that the employee is not provided with the required meal period.

64.     Compensation for missed meal periods constitutes wages within the meaning of Labor Code section 200.

65.     Labor Code section 1198 makes it unlawful to employ a person under conditions that violate the applicable Wage Order.

66.     Section 11 of the applicable Wage Order states:

> "No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee. Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an 'on duty' meal period and counted as time worked. An 'on duty' meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time."

67.     At all relevant times, Plaintiff was not subject to a valid on-duty meal period agreement. Plaintiff is informed and believes that, at all relevant times, **Meal Period Sub-Class** members were not subject to valid on-duty meal period agreements with Defendants.

68.     Plaintiff alleges that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of not providing Plaintiff and members of the **Meal Period Sub-Class** with uninterrupted, duty-free meal periods for at least thirty (30) minutes for each five (5) hour work period, as required by Labor Code section 512 ad the applicable Wage Order.

69.     Plaintiff alleges that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of failing to pay premium wages to **Meal Period Sub-Class** members when they worked five (5) hours without clocking out for any meal period.

70.     Plaintiff alleges that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of not providing Plaintiff and members of the **Meal Period Sub-Class** with a second meal period when they worked shifts of ten or more hours and failed to pay them premium wages as required by Labor Code 512 and the applicable Wage Order.

71.     Moreover, Defendants written policies do not provide that employees must take their first meal period before the end of the fifth hour of work, that they are entitled to a second meal

1   period if they work a shift of over ten hours, or that the second meal period must commence before

2   the end of the tenth hour of work, unless waived.

3       72.    At all relevant times, Defendants failed to pay Plaintiff and the **Meal Period Sub-**

4   **Class** members additional premium wages when required meal periods were not provided.

5       73.    Pursuant to Labor Code section 204, 218.6 and 226.7, Plaintiff, on behalf of himself

6   and the **Meal Period Sub-Class** members, seek to recover unpaid premium wages, interest thereon,

7   and costs of suit.

8       74.    Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the

9   substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and

10   the **Meal Period Sub-Class** members, seeks to recover reasonable attorneys' fees.

11   <div align="center">

**SECOND CAUSE OF ACTION**

</div>

12   <div align="center">**FAILURE TO PROVIDE REST PERIODS**</div>

13   <div align="center">**(Lab. Code §§ 204, 223, 226.7 and 1198)**</div>

14   <div align="center">**(Plaintiff and Rest Period Sub-Class against Defendants)**</div>

15       75.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged

16   herein.

17       76.    At all relevant times, Plaintiff and the **Rest Period Sub-Class** members have been

18   non-exempt employees of Defendants entitled to the full rest period protections of both the Labor

19   Code and the applicable Wage Order.

20       77.    Section 12 of the applicable Wage Order imposes an affirmative obligation on

21   employers to permit and authorize employees to take required rest periods at a rate of no less than

22   ten minutes of net rest time for each four-hour work period, or major fraction thereof, that must be

23   in the middle of each work period insofar as practicable.

24       78.    Labor Code section 226.7 and Section 12 of the applicable Wage Order both prohibit

25   employers from requiring employees to work during required rest periods and require employers to

26   pay non-exempt employees an hour of premium wages at the employees' regular rates of pay, on

27   each workday that the employee is not provided with the required rest period(s).

28       79.    Compensation for missed rest periods constitutes wages within the meaning of Labor

1  Code section 200.

2       80.    Labor Code section 1198 makes it unlawful to employ a person under conditions that

3  violate the Wage Order.

4       81.    Plaintiff alleges that, at all relevant times during the applicable limitations period,

5  Defendants maintained a policy or practice of not providing members of the **Rest Period Sub-Class**

6  with net rest period of at least ten minutes for each four-hour work period, or major fraction thereof,

7  as required by the applicable Wage Order.

8       82.    At all relevant times, Defendants failed to pay Plaintiff and the **Rest Period Sub-**

9  **Class** members additional premium wages when required rest periods were not provided.

10       83.    Specifically, Defendants written policies do not provide that employees may take a

11  rest period for each four hours worked, or major fraction thereof, and that rest periods should be

12  taken in the middle of each work period insofar as practicable.

13       84.    Pursuant to Labor Code section 204, 218.6 and 226.7, Plaintiff, on behalf of himself

14  and **Rest Period Sub-Class** members, seek to recover unpaid premium wages, interest thereon, and

15  costs of suit.

16       85.    Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the

17  substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and

18  **Rest Period Sub-Class** members, seeks to recover reasonable attorneys' fees.

19  <div align="center">**THIRD CAUSE OF ACTION**</div>

20  <div align="center">**FAILURE TO PAY HOURLY WAGES**</div>

21  <div align="center">**(Lab. Code §§ 223, 1194, 1197 and 1198)**</div>

22  <div align="center">**(Plaintiff and Hourly Employee Class against Defendants)**</div>

23       86.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged

24  herein.

25       87.    At all relevant times, Plaintiff and **Hourly Employee Class** members are or have

26  been non-exempt employees of Defendants entitled to the full protections of the Labor Code and the

27  applicable Wage Order.

28       88.    Section 2 of the applicable Wage Order defines "hours worked" as "the time during

1  which an employee is subject to the control of the employer, and includes all the time the employee

2  is suffered or permitted to work, whether or not required to do so."

3       89.    Section 4 of the applicable Wage Order requires an employer to pay non-exempt

4  employees at least the minimum wage set forth therein for all hours worked, which consist of all

5  hours that an employer has actual or constructive knowledge that employees are working.

6       90.    Labor Code section 1194 invalidates any agreement between an employer and an

7  employee to work for less than the minimum or overtime wage required under the applicable Wage

8  Order.

9       91.    Labor Code section 1194.2 entitles non-exempt employees to recover liquidated

10  damages in amounts equal to the amounts of unpaid minimum wages and interest thereon in

11  addition to the underlying unpaid minimum wages and interest thereon.

12       92.    Labor Code section 1197 makes it unlawful for an employer to pay an employee less

13  than the minimum wage required under the applicable Wage Order for all hours worked during a

14  payroll period.

15       93.    Labor Code section 1197.1 provides that it is unlawful for any employer or any other

16  person acting either individually or as an officer, agent or employee of another person, to pay an

17  employee, or cause an employee to be paid, less than the applicable minimum wage.

18       94.    Labor Code section 1198 makes it unlawful for employers to employ employees

19  under conditions that violate the applicable Wage Order.

20       95.    Labor Code section 204 requires employers to pay non-exempt employees their

21  earned wages for the normal work period at least twice during each calendar month on days the

22  employer designates in advance and to pay non-exempt employees their earned wages for labor

23  performed in excess of the normal work period by no later than the next regular payday.

24       96.    Labor Code section 223 makes it unlawful for employers to pay their employees

25  lower wages than required by contract or statute while purporting to pay them legal wages.

26       97.    Plaintiff is informed and believes that, at all relevant times, Defendants have applied

27  centrally devised policies and practices to him and **Hourly Employee Class** members with respect

28  to working conditions and compensation arrangements.

98.     At all relevant times, Defendants failed to pay hourly wages to Plaintiff and **Hourly Employee Class** members for all time worked.

99.     During the relevant time period, Defendants failed to pay Plaintiff and **Hourly Employee Class** members all earned wages every pay period at the correct rates, because Defendants directed, permitted, or otherwise encouraged Plaintiff and **Hourly Employee Class** members to perform off-the-clock work.

100.     As a result of Defendants' unlawful conduct, Plaintiff and **Hourly Employee Class** members have suffered damages in an amount, subject to proof, to the extent they were not paid the full amount of wages earned during each pay period during the applicable limitations period.

101.     Pursuant to Labor Code sections 204, 218.6, 223, 1194 and 1194.2, Plaintiff, on behalf of himself and **Hourly Employee Class** members, seek to recover unpaid straight time, interest thereon, and costs of suit.

102.     Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and **Hourly Employee Class** members, seek to recover reasonable attorneys' fees.

## FOURTH CAUSE OF ACTION

### FAILURE TO PAY VACATION WAGES

#### (Lab. Code § 227.3)

#### (Plaintiff and Vacation Pay Class)

103.     Plaintiffs incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

104.     California Labor Code section 227.3 provides:

> Unless otherwise provided by a collective-bargaining agreement, whenever a contract of employment or employer policy provides for paid vacations, and an employee is terminated without having taken off his vested vacation time, all vested vacation shall be paid to him as wages at his final rate in accordance with such contract of employment or employer policy respecting eligibility or time served; provided, however, that an employment contract or employer policy shall not provide for forfeiture of vested vacation time upon termination.  The Labor Commissioner or a designated representative, in the resolution of any dispute with regard to vested vacation time, shall apply the principles of equity and fairness.

105.    At all relevant times during the applicable limitations period, Plaintiffs and members of the **Vacation Pay Class** accrued vacation time during their employment with Defendants.

106.    As a result of their reimbursement policies and practices, Plaintiffs are informed and believes and thereon alleges that Defendants failed to reimburse her and **Vacation Pay Class** members for all accrued vacation wages.

107.    By reason of the above, Plaintiffs and the members of the **Vacation Pay Class** are entitled to restitution for all unpaid amounts due and owing to within four years (4) of the date of the filing of the Complaint until the date of entry of judgment.

108.    Plaintiffs, on behalf of themselves and the members of the **Vacation Pay Class**, seeks interest thereon pursuant to California Labor Code section 218.6, costs pursuant to California Labor Code section 218.6, and reasonable attorneys' fees pursuant to California Code of Civil Procedure section 1021.5.

## FIFTH CAUSE OF ACTION

### FAILURE TO INDEMNIFY

### (Lab. Code § 2802)

### (Plaintiff and Expense Reimbursement Sub-Class against Defendants)

109.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

110.    Labor Code section 2802(a) states:

> "An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful."

111.    At all relevant times during the applicable limitations period, Plaintiff and the **Expense Reimbursement Sub-Class** members incurred necessary business-related expenses and costs, including but not limited to the purchase of cellular phones and cellular telephone services.

112.    Plaintiff is informed and believes, and thereupon alleges that the reimbursement paid

1  by Defendants was insufficient to indemnify Plaintiff and **Expense Reimbursement Sub-Class**

2  members for all necessary expenses incurred in the discharge of their duties.

3    113.    Plaintiff is informed and believes that, during the applicable limitations period,

4  Defendants maintained a policy or practice of not reimbursing Plaintiff and **Expense**

5  **Reimbursement Sub-Class** members for all necessary business expenses.

6    114.    Accordingly, Plaintiff and **Expense Reimbursement Sub-Class** members are

7  entitled to restitution for all unpaid amounts due and owing to within four years of the date of the

8  filing of the Complaint and until the date of entry of judgment.

9    115.    Plaintiff, on behalf of himself and **Expense Reimbursement Sub-Class** members,

10  seeks interest thereon and costs pursuant to Labor Code section 218.6 and reasonable attorneys' fees

11  pursuant to Code of Civil Procedure section 1021.5.

12  <u>**SIXTH CAUSE OF ACTION**</u>

13  **FAILURE TO PROVIDE ACCURATE WRITTEN WAGE STATEMENTS**

14  **(Lab. Code § 226)**

15  **(Plaintiff and Wage Statement Penalties Sub-Class against Defendants)**

16    116.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged

17  herein.

18    117.    Labor Code section 226(a) states:

19    "An employer, semimonthly or at the time of each payment of wages, shall
     furnish to his or her employee, either as a detachable part of the check, draft,
20    or voucher paying the employee's wages, or separately if wages are paid by
     personal check or cash, an accurate itemized statement in writing showing (1)
21    gross wages earned, (2) total hours worked by the employee, except as
     provided in subdivision (j), (3) the number of piece-rate units earned and any
22    applicable piece rate if the employee is paid on a piece-rate basis, (4) all
     deductions, provided that all deductions made on written orders of the
23    employee may be aggregated and shown as one item, (5) net wages earned,
     (6) the inclusive dates of the period for which the employee is paid, (7) the
24    name of the employee and only the last four digits of his or her social security
     number or an employee identification number other than a social security
25    number, (8) the name and address of the legal entity that is the employer and,
     if the employer is a farm labor contractor, as defined in subdivision (b) of
26    Section 1682, the name and address of the legal entity that secured the
     services of the employer, and (9) all applicable hourly rates in effect during
27    the pay period and the corresponding number of hours worked at each hourly
     rate by the employee and, beginning July 1, 2013, if the employer is a
28    temporary services employer as defined in Section 201.3, the rate of pay and

the total hours worked for each temporary services assignment. The deductions made from payment of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California. For purposes of this subdivision, 'copy' includes a duplicate of the itemized statement provided to an employee or a computer-generated record that accurately shows all of the information required by this subdivision."

118.    The Division of Labor Standards Enforcement ("DLSE") has sought to harmonize the "detachable part of the check" provision and the "accurate itemized statement in writing" provision of Labor Code section 226(a) by allowing for electronic wage statements so long as each employee retains the right to elect to receive a written paper stub or record and that those who are provided with electronic wage statements retain the ability to easily access the information and convert the electronic statements into hard copies at no expense to the employee. (DLSE Opinion Letter July 6, 2006).

119.    Plaintiff is informed and believes that, at all relevant times during the applicable limitations period, Defendants have failed to provide **Wage Statement Penalties Sub-Class** members with written wage statements as described above.

120.    Plaintiff is informed and believes that Defendants' failure to provide him and **Wage Statement Penalties Sub-Class** members with accurate written wage statements were intentional in that Defendants have the ability to provide them with accurate wage statements but have intentionally provided them with written wage statements that Defendants have known do not comply with Labor Code section 226(a).

121.    Plaintiff and **Wage Statement Penalties Sub-Class** members have suffered injuries, in that Defendants have violated their legal rights to receive accurate wage statements and have misled them about their actual rates of pay and wages earned. In addition, inaccurate information on their wage statements have prevented immediate challenges to Defendants' unlawful pay practices, has required discovery and mathematical computations to determine the amount of wages owed, has caused difficulty and expense in attempting to reconstruct time and pay records, and/or has led to the submission of inaccurate information about wages and deductions to federal and state government agencies.

1    122.    Pursuant to Labor Code section 226(e), Plaintiff, on behalf of himself and **Wage**

2    **Statement Penalties Sub-Class** members, seeks the greater of actual damages or $50.00 for the

3    initial pay period in which a violation of Labor Code section 226(a) occurred, and $100.00 for each

4    subsequent pay period in which a violation of Labor Code section 226(a) occurred, not to exceed an

5    aggregate penalty of $4000.00 per class member, as well as awards of reasonable attorneys' fees

6    and costs.

7                                    **SEVENTH CAUSE OF ACTION**

8                             **FAILURE TO TIMELY PAY ALL FINAL WAGES**

9                                       **(Lab. Code §§ 201-203)**

10               **(Plaintiff and Waiting Time Penalties Sub-Class against Defendants)**

11    123.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged

12    herein.

13    124.    At all relevant times, Plaintiff and **Waiting Time Penalties Sub-Class** members

14    have been entitled, upon the end of their employment with Defendants, to timely payment of all

15    wages earned and unpaid before termination or resignation.

16    125.    At all relevant times, pursuant to Labor Code section 201, employees who have been

17    discharged have been entitled to payment of all final wages immediately upon termination.

18    126.    At all relevant times, pursuant to Labor Code section 202, employees who have

19    resigned after giving at least seventy-two (72) hours' notice of resignation have been entitled to

20    payment of all final wages at the time of resignation.

21    127.    At all relevant times, pursuant to Labor Code section 202, employees who have

22    resigned after giving less than seventy-two (72) hours' notice of resignation have been entitled to

23    payment of all final wages within seventy-two (72) hours of giving notice of resignation.

24    128.    During the applicable limitations period, Defendants failed to pay Plaintiff all of his

25    final wages in accordance with the Labor Code by failing to timely pay him all of his final wages.

26    129.    Plaintiff is informed and believes that, at all relevant times during the applicable

27    limitations period, Defendants have failed to timely pay **Waiting Time Penalties Sub-Class**

28    members all of their final wages in accordance with the Labor Code.

130.     Plaintiff is informed and believes that, at all relevant times during the applicable limitations period, Defendants have maintained a policy or practice of paying **Waiting Time Penalties Sub-Class** members their final wages without regard to the requirements of Labor Code sections 201 or 202 by failing to timely pay them all final wages.

131.     Plaintiff is informed and believes and thereupon alleges that Defendants' failure to timely pay all final wages to him and **Waiting Time Penalties Sub-Class** members have been willful in that Defendants have the ability to pay final wages in accordance with Labor Code sections 201 and/or 202 but have intentionally adopted policies or practices that are incompatible with those requirements.

132.     Pursuant to Labor Code sections 203 and 218.6, Plaintiff, on behalf of himself and **Waiting Time Penalties Sub-Class** members, seeks waiting time penalties from the dates that their final wages have first become due until paid, up to a maximum of thirty days, and interest thereon.

133.     Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine and/or the common fund doctrine, Plaintiff, on behalf of himself and **Waiting Time Penalties Sub-Class** members, seeks awards of reasonable attorneys' fees and costs.

## **EIGHTH CAUSE OF ACTION**

### **FAILURE TO PAY WAGES WITHOUT DISCOUNT**

### **(Lab. Code § 212)**

### **(Plaintiff and Pay Card Class against Defendants)**

134.     Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

135.     At all relevant times, Plaintiff and the **Pay Card Class** members have been entitled to the protections of Labor Code section 212 which states:

"(a) No person, or agent or officer thereof, shall issue in payment of wages due, or to become due, or as an advance on wages to be earned:

(1) Any order, check, draft, note, memorandum, or other acknowledgment of indebtedness, unless it is negotiable and payable in cash, on demand, without discount, at some established place of business in the state, the name and address of which must appear on the instrument, and at the time of its issuance and for a reasonable time thereafter, which must be at least 30 days, the maker or drawer has sufficient funds in, or credit, arrangement, or understanding with the drawee

21

for its payment.

>       (2) Any scrip, coupon, cards, or other thing redeemable, in merchandise or purporting to be payable or redeemable otherwise than in money."

136.   Defendants violated Labor Code section 212 by issuing wages due in a non-negotiable manner that is not payable in cash at some place of business in the state without discount.

137.   At times during his employment, Defendants paid Plaintiff his wages on a "pay card" or preloaded debit card. Plaintiff incurred fees when attempting to use the pay card at various business in California. Plaintiff incurred fees when attempting to cash the pay card.

138.   Plaintiff was not given an itemized wage statement when paid with a pay card.

### NINTH CAUSE OF ACTION

### UNFAIR COMPETITION

### (Bus. & Prof. Code §§ 17200 *et seq.*)

### (Plaintiff and UCL Sub-Class against Defendants)

139.   Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

140.   Business and Professions Code section 17200 defines "unfair competition" to include any unlawful business practice.

141.   Business and Professions Code section 17203-17204 allow a person who has lost money or property as a result of unfair competition to bring a class action in accordance with Code of Civil Procedure section 382 to recover money or property that may have been acquired from similarly situated persons by means of unfair competition.

142.   California law requires employers to pay non-exempt employees for all hours they are permitted or suffered to work, including hours that the employer knows or reasonable should know that employees have worked.

143.   Plaintiff and the **UCL Sub-Class** members re-alleges and incorporates the FIRST, SECOND, THIRD, FOURTH, FIFTH, SIXTH, SEVENTH, and EIGTH causes of action herein.

144.   Plaintiff lost money or property as a result of the aforementioned unfair competition.

1    145.    Defendants have or may have acquired money by means of unfair competition.

2    146.    Plaintiff is informed and believes and thereupon alleges that by committing the

3  Labor Code violations described in this Complaint, Defendants violated Labor Code sections 215,

4  216, 225, 226.6, 354, 408, 553, 1175, 1199 and 2802, which make it a misdemeanor to commit the

5  Labor Code violations alleged herein.

6    147.    Defendants have committed criminal conduct through their policies and practices of,

7  *inter alia*, failing to comport with their affirmative obligations as an employer to provide non-

8  exempt employees with uninterrupted, duty-free meal periods of at least thirty minutes for each

9  work period of five or more hours, provide non-exempt employees with uninterrupted, duty-free

10 rest periods of at least ten minutes for each work period of four or more hours, by failing to pay

11 non-exempt employees for all hours worked, by failing to reimburse them for all expenses, by

12 failing to provide accurate, itemized wage statements, by failing to timely pay employees final

13 wages, and by failing to provide employees wages without a discount.

14   148.    At all relevant times, Plaintiff and **UCL Sub-Class** members have been non-exempt

15 employees and entitled to the full protections of both the Labor Code and the applicable Wage

16 Order.

17   149.    Defendants' unlawful conduct as alleged in this Complaint amounts to and

18 constitutes unfair competition within the meaning of Business and Professions Code section 17200

19 *et seq*. Business and Professions Code sections 17200 *et seq*. protects against unfair competition

20 and allows a person who has suffered an injury-in-fact and has lost money or property as a result of

21 an unfair, unlawful or fraudulent business practice to seek restitution on his own behalf and on

22 behalf of similarly situated persons in a class action proceeding.

23   150.    As a result of Defendants' violations of the Labor Code during the applicable

24 limitations period, Plaintiff has suffered an injury-in-fact and has lost money or property in the form

25 of earned wages.  Specifically, Plaintiff has lost money or property as a result of Defendants'

26 conduct.

27   151.    Plaintiff is informed and believes that other similarly situated persons have been

28 subject to the same unlawful policies or practices of Defendants.

152.    Due to the unfair and unlawful business practices in violation of the Labor Code, Defendants have gained a competitive advantage over other comparable companies doing business in the State of California that comply with their legal obligations.

153.    California's Unfair Competition Law ("UCL") permits civil recovery and injunctive for "any unlawful, unfair or fraudulent business act or practice," including if a practice or act violates or is considered unlawful under any other state or federal law.

154.    Accordingly, pursuant to Bus. & Prof. Code sections 17200 and 17203, Plaintiffs request the issuance of temporary, preliminary and permanent injunctive relief enjoining Defendants, and each of them, and their agents and employees, from further violations of the Labor Code and applicable Industrial Welfare Commission Wage Orders; and upon a final hearing seek an order permanently enjoining Defendants, and each of them, and their respective agents and employees, from further violations of the Labor Code and applicable Industrial Welfare Commission Wage Orders.

155.    Pursuant to Business and Professions Code section 17203, Plaintiff, on behalf of himself and **UCL Sub-Class** members, seeks declaratory relief and restitution of all monies rightfully belonging to them that Defendants did not pay them or otherwise retained by means of its unlawful and unfair business practices.

156.    Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine and/or the common fund doctrine, Plaintiff and **UCL Sub-Class** members are entitled to recover reasonable attorneys' fees in connection with their unfair competition claims.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, prays for relief and judgment against Defendants as follows:

(1)    An order that the action be certified as a class action;

(2)    An order that Plaintiff be appointed class representative;

(3)    An order that counsel for Plaintiff be appointed class counsel;

(4)    Unpaid wages;

(5)    Actual damages;

| | | |
|---|---|---|
| 1 | (6) | Liquidated damages; |
| 2 | (7) | Restitution; |
| 3 | (8) | Declaratory relief; |
| 4 | (9) | Pre-judgment interest; |
| 5 | (10) | Statutory penalties; |
| 6 | (11) | Costs of suit; |
| 7 | (12) | Reasonable attorneys' fees; and |
| 8 | (13) | Such other relief as the Court deems just and proper. |

**DEMAND FOR JURY TRIAL**

Plaintiff, on behalf of himself and all other similarly situated, hereby demands a jury trial on all issues so triable.

Dated: August 10, 2021                 SETAREH LAW GROUP

SHAUN SETAREH
THOMAS SEGAL
FARRAH GRANT
Attorneys for Plaintiff
MICHAEL ALLEN JENSEN

**PROOF OF SERVICE**

I am a citizen of the United States and am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 9665 Wilshire Boulevard, Suite 430 Beverly Hills, CA 90212.

On September 27, 2021, I served the foregoing documents described as:

**PLAINTIFF'S NOTICE OF ERRATA**

in this action by transmitting a true copy thereof enclosed in a sealed envelope addressed as follows:

Chip Andrewscavage
candrewscavage@scopelitis.com
rbrown@scopelitis.com
jhanson@scopelitis.com
jskramer@scopelitis.com
SCOPELITIS, GARVIN, LIGHT, HANSON
& FEARY, P.C.
30 West Monroe Street, Suite 1600
Chicago, IL 60603
**Counsel for Defendant CRST EXPEDITED, INC.**

**[X]   ONLY  BY ELECTRONIC TRANSMISSION**

Only by e-mailing the document(s) to the persons at the e-mail address(es) listed based on notice provided on September 27, 2021 that, during the Coronavirus (COVID-19) pandemic, this office will be working remotely, not able to send physical mail as usual, and is therefore using only electronic mail. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission.

**[X]   STATE**  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on September 27, 2021, at Beverly Hills, California.

Lauren Farrington