Adam C. Smedstad (SBN 303591)
asmedstad@scopelitis.com
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.
3214 W. McGraw Street, Suite 301F
Seattle, WA 98199
P: 206-288-6192
F: 206-299-9375

Rebecca R. Brown (SBN 315338)
rbrown@scopelitis.com
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, LLP
2 North Lake Avenue, Suite 560
Pasadena, CA 91101
P: 626-795-4700
F: 626-795-4790

Attorneys for Defendant,
CRST EXPEDITED, INC.

**UNITED STATE DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL ALLEN JENSEN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CRST EXPEDITED, INC., an Iowa corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 21-cv-07741-JST<br><br>**DEFENDANT CRST EXPEDITED, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS UNDER FIRST-TO-FILE RULE**<br><br>Hearing Date: November 18, 2021<br>Time: 2:00 p.m.<br>Courtroom: 6<br>Judge: Hon. Jon S. Tigar |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on November 18, 2021, at 2:00 p.m., or as soon thereafter as this matter may be heard by this Court located at the Oakland Courthouse, 1301 Clay Street, Oakland, California 94612, in Courtroom 6, Defendant, CRST Expedited, Inc. (CRST), will move this Court to dismiss the Class

Action Complaint filed by Plaintiff, Michael Allen Jensen, pursuant to the first-to-file rule and Federal Rules of Civil Procedure 12(b)(6) and 12(b)(3). As explained more fully in the attached Memorandum of Points and Authorities, CRST is defending itself against nearly identical claims brought on behalf of nearly identical putative classes as those brought in this case in *Huckaby v. CRST Expedited, Inc.*, 21-CV-07766-ODW-PD (C.D. Cal.) ("*Huckaby*"). Plaintiffs in both actions allege CRST failed to pay minimum wage under the California Labor Code, failed to reimburse the putative class for business expenses, failed to provide itemized waged statements under the California Labor Code, and failed to timely pay wages. Both *Huckaby* and *Jensen* seek to pursue class certification under Rule 23 for any California resident employee who drove for CRST. To promote judicial efficiency and avoid the risk of inconsistent rulings, wasted time, energy, and resources, CRST requests that this Court apply the first-to-file rule to dismiss this case.

This Motion is based upon this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the papers on file in this case, any oral argument that may be heard by the Court, and any other matters that the Court deems appropriate.

Dated: October 11, 2021

Respectfully submitted,

*/s/ Adam C. Smedstad*

Attorney for Defendant,
CRST Expedited, Inc.

# TABLE OF CONTENTS

I. INTRODUCTION ..................................................................................1
II. RELEVANT FACTUAL BACKGROUND ......................................................1
   A. Brief factual background on the parties. ...............................................1
   B. Michael Allen Jensen files his complaint against CRST on August 10, 2021. ...................................................................................................3
III. ARGUMENT ........................................................................................4
   A. The Court Should Dismiss This Case under the First-To-File Rule.....4
   B. No equitable reasons exist to disregard the first-to-file rule.................7
IV. CONCLUSION ......................................................................................8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alltrade, Inc. v. Uniweld Products, Inc.*,
  946 F.2d 622 (9th Cir. 1991) ............................................................................................. 4, 7

*Ayala v. U.S. Xpress Enters., Inc., et al.*,
  No. EDCV 16-137-GW(KKx), 2019 WL 1986760 (C.D. Cal. May 2, 2019) ........... 6

*Blanchard Training & Dev., Inc. v. Leadership Studies, Inc.*,
  No. 15cv2142 WQH (KSC), 2016 WL 773227 (S.D. Cal. Feb. 29, 2016) ................ 8

*Bodley v. Whirlpool Corp.*,
  No. 17-CV-05436-JST, 2018 WL 2357640 (N.D. Cal. May 24, 2018) ..................... 4

*Brown v. Mars Wrigley Confectionery Us*,
  No. 20-cv-08292-JST, 2021 WL 4499228 (N.D. Cal. Apr. 13, 2021) ....................... 8

*Cadle Co. v. Whataburger of Alice, Inc.*,
  174 F.3d 599 (5th Cir.1999) ..................................................................................... 4

*Castillo v. Taco Bell of Am., LLC*,
  960 F. Supp. 2d 401 (E.D.N.Y. 2013) ...................................................................... 7

*Funding Grp., LLC v. Dale Alan Harris, Esq.*,
  No. CV 15-04059 MMM (EX), 2015 WL 13298145 (C.D. Cal. Sept. 18, 2015) ...... 2

*Henry v. Central Freight Lines, Inc.*,
  No. 2:16-cv-00280-JAM-EFB, 2019 WL 2465330 (June 13, 2019) ......................... 6

*Henry v. Home Depot U.S.A., Inc.*,
  No. 14-cv-04858-JST, 2016 WL 4538365 (N.D. Cal. Aug. 31, 2016) ...................... 7

*In re Cypress Semiconductor Securities Litig.*,
  864 F. Supp. 957 (N.D. Cal. 1994) ........................................................................... 7

*Int'l Bhd. of Teamsters, Loc. 2785 v. Fed. Motor Carrier Safety Admin.*,
  986 F.3d 841 (9th Cir. 2021) ................................................................................6
*Kohn L. Group, Inc. v. Auto Parts Mfg. Mississippi, Inc.*,
  787 F.3d 1237 (9th Cir. 2015) ..........................................................................1, 4
*Mullis v. U.S. Bankruptcy. Ct.*,
  828 F.2d 1385 (9th Cir. 1987) ............................................................................2
*Ortiz v. Walmart, Inc.*,
  No. 2:20-cv-05052-AB-KK, 2020 WL 5835323 (C.D. Cal. Sept. 18, 2020).............8
*Pacesetter Sys., Inc. v. Medtronic, Inc.*,
  678 F.2d 93 (9th Cir. 1982) ...........................................................................5, 8
*Pedro v. Millennium Products, Inc.*,
  No. 15-CV-05253-MMC, 2016 WL 3029681 (N.D. Cal. May 27, 2016) .............4, 5
*Robinson v. Chefs' Warehouse, Inc.*,
  No. 15-cv-05421-RS, 2019 WL 4278926 (Sept. 10, 2019)........................................7
*Samson v. United HealthCare Services, Inc.*,
  No. C19-0175JLR, 2020 WL 3971390 (W.D. Wash. July 14, 2020) ........................8
*Sandusky Wellness Ctr., LLC v. Alere Home Monitoring, Inc.*,
  No. C 18-04869 WHA, 2018 WL 6591657 (N.D. Cal. Dec. 14, 2018) ....................5
*Shwartz v. Frito-Lay N. Am.*,
  No. C-12-02740(EDL), 2012 WL 8147135 (N.D. Cal. Sept. 12, 2012) ....................6
*Sporn v. TransUnion Interactive, Inc.*,
  No. 18-5424, 2019 WL 151575, (N.D. Cal. Jan. 10, 2019) ......................................6

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The Court should apply the first-to-file rule and dismiss this case. The first-to-file rule applies when a second-filed case involves similar parties and issues as an earlier filed case. *Kohn L. Group, Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015). CRST is defending itself against nearly identical claims brought on behalf of nearly identical putative classes in *Huckaby v. CRST Expedited, Inc.*, 21-CV-07766-ODW-PD (C.D. Cal.) ("*Huckaby*") as in this case ("*Jensen*"). Plaintiffs in both actions allege CRST failed to pay minimum wage under the California Labor Code, failed to reimburse the putative class for business expenses, failed to provide itemized waged statements under the California Labor Code, and failed to timely pay wages. Both *Huckaby* and *Jensen* seek to pursue class certification under Rule 23 for any California resident employee who drove for CRST. The first-to-file rule is meant to promote judicial efficiency and avoid the risk of inconsistent rulings, wasted time, energy, and resources. The Court should use it here and dismiss the *Jensen* Action.[1]

## II. RELEVANT FACTUAL BACKGROUND

### A. Brief factual background on the parties.

CRST is an Iowa based motor carrier that delivers freight throughout the United States. *See* ECF No. 1-1 ¶ 6. Keith Huckaby and Michael Allen Jensen are two California residents who CRST hired to provide driving services throughout the United States. Huckaby alleges he drove for CRST from approximately April 2019 to approximately September 2020. *Huckaby*, ECF No. 1-1 ¶ 6.[2] Jensen alleges he drove for CRST from

---

[1] If the Court does not dismiss Jensen's complaint, CRST requests that it transfer the case to the United States District Court for the Central District of California.

[2] The Complaint filed in the *Huckaby* action is attached to this Motion as *Exhibit A*. The Court may properly take judicial notice of the *Huckaby* Complaint, along with other documents listed on the case docket for *Huckaby*, as they are a matter of public record.

approximately May 24, 2019 through November 20, 2019. ECF No. 1-1 ¶ 19.

Jensen was not the first Plaintiff to sue CRST for allegedly violating the California Labor Code. On August 9, 2021, Huckaby filed a class action complaint against CRST Expedited, Inc. and CRST International, Inc. in Los Angeles County Superior Court. *Huckaby*, ECF No. 1-1. On September 29, 2021, CRST removed *Huckaby* to the United States District Court for the Central District of California. *Huckaby*, ECF No. 1.

Huckaby alleges the following claims against CRST under California's Labor Code:

- Failure to Pay Minimum Wages (*Huckaby*, ECF No. 1-1 ¶¶ 39-50);
- Failure to Pay Statutory/Contractual Wages (*Id.*, ¶¶ 51-57);
- Failure to Reimburse Business Expenses (*Id.*, ¶¶ 58-63);
- Failure to Provide Itemized Wage Statements (*Id.*, ¶¶ 64-68);
- Failure to Timely Pay Wages (*Id.*, ¶¶ 69-77); and
- Violation of California Unfair Competition Laws (*Id.*, ¶¶ 113-121).

Huckaby seeks to recover on behalf of the following class of people for these claims:

> [a]ll current and former employees that had a residential address in California and/or was assigned or associated with a terminal in California, and worked as a truck driver for CRST ('CA Truck Drivers') [from August

---

*See, e.g.*, *Mullis v. U.S. Bankruptcy. Ct.*, 828 F.2d 1385, 1388, n.9 (9th Cir. 1987) (holding that "pleadings, orders and other papers on file in the [separate] bankruptcy case" are subject to judicial notice under Federal Rule of Evidence 201); *Laws. Funding Grp., LLC v. Dale Alan Harris, Esq.*, No. CV 15-04059 MMM (EX), 2015 WL 13298145, at *4 (C.D. Cal. Sept. 18, 2015) (taking judicial notice of complaint filed on the public docket of separately pending case in ruling on Motion to Dismiss based on application of the first-to-file rule and stating, "Courts have consistently held that courts may take judicial notice of documents filed in other court proceedings.") (citing cases). Documents available on the case docket for *Huckaby* are cited in this Motion as: *Huckaby*, ECF No. __.

9, 2016] through the date of final disposition of this action. *Id.*, ¶¶ 29-30.

Huckaby also alleges the following claims under California and federal consumer reporting laws:

- Violation of California's Investigative Consumer Reporting Agencies Act ("ICRAA") (*Id.*, ¶¶ 98-112);
- Failure to Make Proper Disclosure in Violation of the Fair Credit Reporting Act ("FCRA") (*Id.*, ¶¶ 78-89); and
- Failure to Obtain Proper Authorization in Violation of the FCRA (*Id.*, ¶¶ 90-97).

CRST filed its answer to Huckaby's complaint on October 6, 2021. *Huckaby,* ECF No. 9.

**B.     Michael Allen Jensen files his complaint against CRST on August 10, 2021.**

On August 10, 2021, Jensen filed a class action complaint against CRST Expedited, Inc. and CRST International, Inc. in San Francisco County Superior Court. ECF No. 1-1. On October 4, 2021, CRST removed *Jensen* to this Court. ECF No. 1.

Jensen alleges the following claims against CRST under California's Labor Code:
- Failure to pay hourly wages (ECF No. 1-1 ¶¶ 86-102);
- Failure to indemnify business expenses (*id.*, ¶¶ 109-115);
- Failure to provide accurate written wage statements (*id.*, ¶¶ 116-122);
- Failure to timely pay all final wages (*id.*, ¶¶ 123-133);
- Failure to pay wages without discount (*id.*, ¶¶ 134-138);
- Failure to provide meal periods (*id.* , ¶¶ 60-74);
- Failure to provide rest periods (*id.*, ¶¶ 75-85);
- Failure to pay vacation wages (*id.*, ¶¶ 103-108); and
- Unfair Competition (*id.*, ¶¶ 139-156).

Jensen seeks to recover on behalf of the following class of people for these claims:

> "[a]ll persons employed by Defendants in hourly or non-exempt positions as Drivers based in California and/or Drivers who drove into California [from August 10, 2016 until judgment is entered]."

*Id.*, ¶ 11.

## III. ARGUMENT

### A. The Court should dismiss this case under the first-to-file rule.

Under the "first-to-file rule," a district court should "'transfer, stay, or dismiss an action when a similar complaint has already been filed in another federal court.'" *Bodley v. Whirlpool Corp.*, No. 17-CV-05436-JST, 2018 WL 2357640, at *4 (N.D. Cal. May 24, 2018) (*quoting Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 623 (9th Cir. 1991)). The rule "promot[es] efficiency" and "should not be disregarded lightly." *Alltrade, Inc.*, 946 F.2d at 625 (internal alteration, quotation and citation omitted). "When applying the first-to-file rule, courts should be driven to maximize 'economy, consistency, and comity.'" *Kohn L. Group, Inc.* 787 F.3d at 1240 (*quoting Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 604 (5th Cir.1999)). Courts apply the first-to-file rule even if the first and second-filed cases are pending before the same judge. To determine whether the first-to-file rule applies, "a court analyzes three factors: chronology of the lawsuits, similarity of the parties, and similarity of the issues." *Id.* All three factors are satisfied here.

First, *Huckaby* was filed before *Jensen*. *Compare Huckaby*, ECF No. 1-1 *with* ECF No. 1-1. Second, the parties are similar. "The parties need only be 'substantially similar,' not identical." *Bodley,* 2018 WL 2357640, at *5 (*quoting Kohn*, 787 F.3d at 1240). "Applying this principle, district courts have required only that the classes 'represent at least some of the same individuals.'" *Pedro v. Millennium Products, Inc.*, No. 15-CV-05253-MMC, 2016 WL 3029681, at *4 (N.D. Cal. May 27, 2016).

(collecting cases); *see also Sandusky Wellness Ctr., LLC v. Alere Home Monitoring, Inc.*, No. C 18-04869 WHA, 2018 WL 6591657, at *1 (N.D. Cal. Dec. 14, 2018). Here, Huckaby and Jensen seek to represent nearly identical classes of California resident drivers:

| Huckaby Class Definition | Jensen Class Definition |
| --- | --- |
| " All current and former employees that had a residential address in California and/or was assigned or associated with a terminal in California, and worked as a truck driver for CRST ('CA Truck Drivers') within four (4) years of the date of commencement of this action, through the date of final disposition of this action ('the Class'). *Huckaby*, ECF No. 1-1 ¶ 29.[3] | "All persons employed by Defendants in hourly or non-exempt positions as Drivers based in California and/or Drivers who drove into California during the [four years prior to the filing of the Complaint until judgment is entered]." ECF No. 1-1, ¶ 11. |

Finally, the issues in both cases are similar. Courts do not require that the issues in both cases be "identical"; it is enough that the cases raise the same "central questions." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982); *Pedro*, 2016 WL 3029681, at *4. Here, *Huckaby* and *Jensen* involve the same central questions. They both ask the Court to determine whether CRST failed to pay the minimum wage for all hours worked, whether drivers are entitled to reimbursement under Labor Code Section 2802 for using their cell phones, whether drivers can recover for inaccurate wage statements, and to address alleged violations of California's unfair competition law:

---

[3] Plaintiff in *Huckaby* also seeks to represent a second class: "[a] ll persons residing in California who applied for a job with DEFENDANTS in the State of California and who executed DEFENDANTS' standard 'Disclosure and Authorization Forms' within five (5) years of the date of this action." *Huckaby*, ECF No. 1-1 ¶ 30.

| *Claim* | *Huckaby* | *Jensen* |
|---|---|---|
| Failure to pay hourly wages | *Huckaby*, ECF No. 1-1 ¶¶ 39-50 | ECF No. 1-1 ¶¶ 86-102 |
| Failure to provide accurate written wage statements | *Huckaby*, ECF No. 1-1 ¶¶ 64-68 | ECF No. 1-1 ¶¶ 116-122 |
| Failure to indemnify for use of cell phones under Section 2802 | *Huckaby,* ECF No. 1-1 ¶¶ 58-63 | ECF No. 1-1 ¶¶ 109-115 |
| Failure to timely pay all final wages | *Huckaby*, ECF No. 1-1, ¶¶ 69-77 | ECF No. 1-1 ¶¶ 123-133 |
| Unfair Competition | *Huckaby*, ECF No. 1-1, ¶¶ 113-121 | ECF No. 1-1 ¶¶ 139-156. |

That the claims in *Huckaby* and *Jensen* are not identical does not change the conclusion that the first-to-file rule applies. "The similarity of the issues factor does not require total uniformity of claims"; instead, it "focuses on the underlying factual allegations." *Sporn v. TransUnion Interactive, Inc.*, No. 18-5424, 2019 WL 151575, at *13, (N.D. Cal. Jan. 10, 2019), (emphasis and quotation marks omitted); *see also Shwartz v. Frito-Lay N. Am.*, No. C-12-02740(EDL), 2012 WL 8147135, at *3 (N.D. Cal. Sept. 12, 2012) (finding that "[t]he issues need not be precisely identical for the first-to-file rule to apply . . .[,] the rule can apply even if the later action brings additional claims").[4] Here, the factual allegations are the same. Plaintiffs both seek to represent the

---

[4] While Jensen alleges CRST violated California's meal and rest break provisions, he cannot use these additional claims to argue the first-to-file rule should not apply. The claims are meritless. Jensen admits he is an interstate truck driver. ECF No. 1-1 ¶¶ 19, 20. Given that, the FMCSA's December 28, 2018 Order preempts his meal and rest break claims. *Int'l Bhd. of Teamsters, Loc. 2785 v. Fed. Motor Carrier Safety Admin.*, 986 F.3d 841, 858 (9th Cir. 2021); *Ayala v. U.S. Xpress Enters., Inc., et al.*, No. EDCV 16-137-GW(KKx), 2019 WL 1986760 (C.D. Cal. May 2, 2019); *Henry v. Central Freight Lines,*

same class of employee truck drivers over the same time period. ECF No. 1-1 ¶ 11; *Huckaby*, ECF No. 1-1 ¶¶ 1, 20. They both allege that CRST failed to pay them the minimum wage for non-driving time. ECF No. 1-1 ¶¶ 37-46; *Huckaby*, ECF No. 1-1 ¶¶ 39-50. They both allege that CRST required employees to use their cell phones on the job and did not reimburse them for expenses related to those cell phones. ECF No. 1-1 ¶¶ 51-54; *Huckaby*, ECF No. 1-1 ¶¶ 60, 61. The facts underlying these claims are nearly identical and go to the central issues in the litigation. Given that, the first-to-file rule is applicable.

### B. No equitable reasons exist to disregard the first-to-file rule.

The first-to-file rule "should not be disregarded lightly." *Alltrade, Inc.* 946 F.2d at 625 (citation omitted). "The filing of a successive, identical class action qualifies as abusive regardless of whether class certification was granted or denied in an earlier case; both scenarios entail unnecessary duplication." *In re Cypress Semiconductor Securities Litig.*, 864 F. Supp. 957, 959 (N.D. Cal. 1994). "A class action identical in scope to an earlier certified class action is unnecessary because the class members' claims are already being litigated in the earlier action." *Id.* Indeed, the whole point of the first-to-file rule is to "conserve[e] judicial resources and prevent[] duplicative litigation." *Henry v. Home Depot U.S.A., Inc.*, No. 14-cv-04858-JST, 2016 WL 4538365, at *13 (N.D. Cal. Aug. 31, 2016). "[I]t would be patently unfair to require [Defendants] to litigate the class issues here at the same time as those matters are being litigated in the first-filed action." *Castillo v. Taco Bell of Am., LLC*, 960 F. Supp. 2d 401, 405 (E.D.N.Y. 2013)."

Given that, a court may decline to apply the first-to-file rule "for reasons of equity,' such as 'when the filing of the first suit evidences bad faith, anticipatory suit, or

---

*Inc.*, No. 2:16-cv-00280-JAM-EFB, 2019 WL 2465330, at *4 (June 13, 2019); *Robinson v. Chefs' Warehouse, Inc.*, No. 15-cv-05421-RS, 2019 WL 4278926, at *4 (Sept. 10, 2019). The Court should dismiss these claims.

forum shopping.'" *Samson v. United HealthCare Services, Inc.*, No. C19-0175JLR, 2020 WL 3971390, at *5 (W.D. Wash. July 14, 2020) (citation omitted). This circumstance arises most often when a defendant, knowing a plaintiff will sue it, files a suit for declaratory judgment in its preferred forum. There is no evidence that those situations apply here, and there is no basis to disregard the first-to-file rule in this case.

For these reasons, the Court should dismiss *Jensen*. *Pacesetter*, 678 F.2d at 97 (affirming dismissal of second-filed case); *Blanchard Training & Dev., Inc. v. Leadership Studies, Inc.*, No. 15cv2142 WQH (KSC), 2016 WL 773227, at *4 (S.D. Cal. Feb. 29, 2016); *Ortiz v. Walmart, Inc.*, No. 2:20-cv-05052-AB-KK, 2020 WL 5835323, at *4 (C.D. Cal. Sept. 18, 2020). Alternatively, the Court should transfer *Jensen* to the United States District Court for the Central District of California, where *Huckaby* is pending. *Brown v. Mars Wrigley Confectionery Us*, No. 20-cv-08292-JST, 2021 WL 4499228, at *5 (N.D. Cal. Apr. 13, 2021).

## IV.  CONCLUSION

CRST asks the Court to dismiss the duplicative *Jensen* action under the first-to-file rule or transfer the case to the Central District of California.

Dated: October 11, 2021                               Respectfully submitted,

                                                     */s/ Adam C. Smedstad*

                                                     *Attorney for Defendant,*
                                                     *CRST Expedited, Inc.*

## CERTIFICATE OF SERVICE

I certify that the foregoing was electronically filed on October 11, 2021, through the Court's ECF system, is available for viewing and downloading from the ECF system, and will be sent electronically to the registered participants identified on the Notice of Electronic Filings, including Plaintiffs' counsel of record as follows:

Shaun Setareh
shaun@setarehlaw.com
Thomas Segal
thomas@setarehlaw.com
Farrah Grant
farrah@setarehlaw.com
SETAREH LAW GROUP
9665 Wilshire Boulevard, Suite 430
Beverly Hills, California 90212

*/s/ Adam C. Smedstad*

4832-6105-1902,